**Eddie DAWKINS et al., Appellants,**

v.

**Mrs. Ruth REEDER, a Widow, Appellee.**

**No. 3821.**

Court of Civil Appeals of Texas.

Waco.

March 16, 1961.

W. Richard Davis, Dallas, for appellants.

Frank M. Fitzpatrick, Jr., Waco, for appellee.

WILSON, Justice.

Appeal from order overruling appellants' pleas of privilege. Appellants say there is no evidence of negligence on the part of the driver of the truck with which appellee collided, or to show that the driver was an employee in the course of his employment.

Appellee sued Eddie Dawkins (the truck driver) individually and as agent of A. T. Kent, d/b/a Cadenhead Feed Store; A. T. Kent individually and d/b/a Cadenhead Feed Store; and Cadenhead Feed Store, alleged alternatively to be a corporation, partnership or "an individual." The petition asserted Dawkins operated the truck "in the course of his employment for A. T. Kent, individually, or as agent for Cadenhead Feed Store"; and that specified acts of negligence of each of "defendants, their agents, servants and employees" proximately caused appellee's damages.

All defendants filed pleas of privilege, including verified denial that Dawkins was an agent of appellant Kent; and a verified allegation that Cadenhead Feed Store was a partnership composed of appellants, C. L. Cadenhead and Mrs. B. J. Cadenhead, Sr. There is no evidence the feed company was a corporation.

The evidence on the questions of ownership of the vehicle, agency and scope of authority was that the driver, Dawkins, said he "was working for" Cadenhead Feed

Company, and that "Cadenhead Feed Company" was "written on the truck." There is nothing in the evidence from which any relationship of agency for appellant Kent, or his ownership of the truck, can be inferred. As to the other appellants, these questions are immaterial. Each member of this court has searched the record for evidence of probative force as to any negligence on the part of the driver Dawkins which can be said to establish that necessary venue fact. None of us has been able to find any such evidence.

The evidence introduced is that the accident occurred "on a private lot" on which appellee had parked her car, "headed in to" a barbecue stand which is located on a corner. When she prepared to back out and looked to her right and left and "saw there was nothing coming," she testified, there was another vehicle parked parallel to the left of her car on the parking lot, making it "a little bit hard for me to back out"; that she "started slowly backing," and "in the meantime I looked back to the right and there was nothing coming, and I looked back to the left, and I just kept easing out, and about that time—'bang'—something hit me. Q. From which direction did it come? A. Well, it came from the left hand side," pulling or twisting her car about 1½ feet in an easterly direction. At this time, she had backed about five or six feet. She testified she never did see the truck involved in the collision before the accident, and did not "know whether the truck was moving or not before the accident." The only way she could answer "whether the truck was stopped and parked, or moving forward or backward" was the "way the car was twisted", and there were scratch marks on the iron railing of the truck. The left rear portion of appellee's car came in contact with the truck just behind its front wheels. It was headed "from my left to my right—behind me." At the time of the accident appellee was looking over her "left shoulder, but never saw the truck before the accident." She testified "Well, the way I would explain it

is that he was coming up there on the wrong side and didn't see me. Q. Did you see him? A. I didn't see him."

We believe this is a complete summary of all the evidence, circumstantial or otherwise, which could be said to support a determination that any negligence on the part of the driver proximately caused appellee's damage. Although we regard it as our duty to sustain the implied finding if it may reasonably be done, there is nothing in this record except evidence that an accident occurred, which "is not of itself evidence of negligence." Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199, Syl. 6; Wells v. Texas Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660, 662, Syl. 2. The judgment is reversed and the cause ordered transferred to the District Court of Leon County as to appellant Kent. As to the other defendants, the judgment is reversed, the action severed, and the cause remanded to the trial court. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.