GULF OIL CORPORATION, Appellant,

v.

Jack MARTINDALE et al., Appellees.

No. 6626.

Court of Civil Appeals of Texas.

Beaumont.

June 18, 1964.

Rehearing Denied July 15, 1964.

Wm. F. Erwin, Jr., Houston, for appellant.

Barber & Seale, Jasper, for appellees.

STEPHENSON, Justice.

This is an appeal from an order overruling defendant's plea of privilege. The parties will be designated here as they were in the trial court.

Plaintiffs relied upon Section 27 of Article 1995, Vernon's Ann.Civ.St., in their controverting affidavit as the ground for maintaining venue of this case in Jasper County. Defendant contends plaintiffs failed to plead and prove a cause of action on the venue hearing.

Plaintiffs brought this suit for damages for wrongful injunction. In a prior suit the defendant had secured an injunction against two of the plaintiffs and others enjoining them from interfering with the operation of a service station as a "Gulf" station, from using defendant's equipment except with defendant-products, and from painting, altering or removing defendant's equipment. This court, in such prior suit, 345 S.W.2d 810, reformed the judgment of the trial court by holding plaintiffs were properly enjoined from using defendant's equipment and that plaintiffs were improperly enjoined in the other respects.

■ It was stipulated that defendant was a foreign corporation. Plaintiffs alleged that defendant was a resident of Harris County, Texas. In order to maintain venue in Jasper County the plaintiffs had to plead and prove that a cause of action against the defendant arose in Jasper County.

■ First, as to pleading a cause of action, plaintiffs alleged that on a certain date defendant wilfully and maliciously caused to be issued a temporary restraining order, which later became a temporary injunction, which effectively prevented plaintiffs from operating a certain service station as a "Mobil" station. It was alleged that the injunction was wrongful and that it was so held by the Court of Civil Appeals. The petition also alleged that as a direct and natural result of said wrongful injunction plaintiffs were damaged in a certain sum. We find this sufficiently alleged a cause of action for wrongful injunction.

As to the proof of a cause of action, plaintiffs introduced in evidence their controverting affidavit, their original petition which was made a part of their controverting plea, the judgment of the trial court in the former suit granting the injunction and the Mandate of this Court of Civil Appeals. Plaintiffs offered the testimony of J. B. Hinkie, one of the plaintiffs, to the effect that he was one of the partners in the company that had the Magnolia distributorship in Jasper along with Jack Martindale and F. W. Martindale, the other plaintiffs in this present suit. He further testified that he and his partners did not sell their products at the service station in question during the time the injunction was in force, and that they were damaged by not being able to sell their products during such period of time. He further testified that they began selling their products after the injunction was dissolved and made a profit. J. B. Hinkie had not been made a party to the original injunction suit.

■ We are aware that in a venue hearing the plaintiffs had the same burden of proving a cause of action as on a trial on the merits. Compton v. Elliott, Tex.Com. App., 126 Tex. 232, 88 S.W.2d 91. However, it was not necessary to establish the amount of damage, but only to prove that there were some damages. The amount of damages is not a venue fact. Hawkins v. Schroeter, Tex.Civ.App., 212 S.W.2d 843. This point is overruled.

■ Defendant contends this cause of action arose in Harris County because the temporary restraining order was signed by a district judge in Harris County. No cases are cited supporting this position. We hold that the filing of the application for the temporary restraining order in Jasper County is the determining factor, and and not the location of the judge at the time the order was signed. Defendant's third point was determined by the former suit. The points are overruled.

Affirmed.