**PAN AMERICAN FIRE & CASUALTY COMPANY, Appellant,**

**v.**

**C. P. LOYD, Appellee.**

No. 7680.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 6, 1967.

Morehead, Sharp, Boyd & Tisdel, Plainview, Robert L. Gibbins, Jr., Plainview, of counsel, for appellant.

Stovall & Stovall, Plainview, Richard F. Stovall, Plainview, of counsel, for appellee.

CHAPMAN, Justice.

This is a venue case.

Plaintiff-appellee, C. P. Loyd, filed suit in Hale County against Pan American Fire & Casualty Company, his public liability insurance carrier, to recover under their "Uninsured Motorist Insurance" endorsement 230, titled "Family Protection Against Uninsured Motorists," for damages sustained by him as a result of the death of his wife and thirteen-year old daughter in an automobile collision with William David Cofer at approximately 7:15 p. m., October 15, 1964, about 1.2 miles north of Petersburg on Farm to Market Road 789. All three parties were killed in the collision. Recovery was sought by virtue of allegations that Cofer was an uninsured motorist and by reason of specific acts of negligence alleged on the part of Cofer which proximately caused the death of Mr. Loyd's wife and daughter.

A plea of privilege was filed seeking transfer of the case to Harris County, where the principal office of appellant is located. The plea was controverted, alleging as the only exception to the right to be sued in the county of appellant's principal office, Subdivision 23 of Article 1995, Vernon's Ann. Texas Revised Civil Statutes. It thus evolved upon appellee the requirement to plead and prove that a cause of action or a part thereof arose in Hale County. Subdivision 23 of Article 1995, Texas Revised Civil Statutes; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941).

Under the terms of endorsement No. 230 this required proof by a preponderance of the admissible testimony, that deceased Cofer was an uninsured motorist, a condition precedent to proof of a cause of action under the terms of such endorsement. The other requirement, of course, was that appellee must prove by a preponderance of the evidence Cofer was negligent upon the occasion in question and that such negligence was a proximate cause of the damages sustained by appellee. Southland Beauty Shops, Inc. v. Foreman, 319 S.W.2d 737 (Tex.Civ.App. Houston, 1958, writ dism'd).

Plaintiff is only required to make out a prima facie case, " * * * and if the evidence is sufficient to support a finding in favor of the plaintiff in the absence of any evidence by the defendant, then it is proper to overrule the plea of privilege." Austin Road Company v. Willman, 303 S.W.2d 878 (Tex.Civ.App. Fort Worth, 1957, no writ).

The court of last resort in Texas in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958) has held: "It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence." See also Texas & N. O. R. Co. v. Warden, 125 Tex. 193, 78 S.W.2d 164 (1935, opinion adopted).

There is no question in the record of coverage if Cofer was an uninsured motorist, so we must look to the evidence to determine if appellee, under the applicable rules, complied with his burden of proof in that respect. The Supreme Court of Texas in the Warden case just cited undertook to

define circumstantial evidence for civil cases, which is as clear and succinct a statement of the term as applicable to the instant case as we have been able to find. After quoting some textual definitions that court then said: " * * * facts not seen or heard may be presumed or taken for granted from other proven facts or circumstances. *However, for the proven facts or circumstances to establish a fact, the main fact sought to be proved must follow as a natural or probable sequence from the facts actually proven. A conclusion that is based on mere speculation from facts or circumstances proven is not justified and cannot be sustained."* (Emphasis ours). In attempting to establish by circumstances the fact that Cofer was not an insured motorist Jim Norman, who qualified as administrator of Cofer's estate (without any estate in existence from this record) obviously as a courtesy to appellee in the prosecution of his suit, wrote seventeen insurance companies to determine if Cofer had insurance with them. Some made negative replies and "quite a few" of them wrote they would need more information to properly answer the inquiry. He admitted there were many insurance companies writing public liability policies in Texas he had not written and that he had not written to any in Georgia, where the only relatives of Cofer's anyone knew about lived.

One of the attorneys for appellee testified he had written the Texas Department of Public Safety for information as to whether Cofer had complied with the Texas Responsibility Act or had evidence or record he carried liability insurance. We know of no reason why the Department should possess such information unless Cofer had been previously involved in an automobile collision from which a report had been made. Anyhow, counsel never did testify to the reply he received even though the trial court overruled an objection that such reply would be hearsay. The counsel for appellee also testified there were more than twenty insurance companies that write such insurance in and around Plainview

and Olton and that he had sued more than twenty right there.

It is admitted in the record that Cofer has a sister in Tignall, Georgia, to whom the body was sent, by the name of Clara Ardister. An effort was made to serve her and to contact her personally from Plainview, but that appears to be the extent of any effort to learn from her if Cofer was an uninsured motorist.

Mr. Loyd testified he did not say the claims manager and adjustor for appellant, Mr. Pardue, " * * * definitely said he was an uninsured motorist" but quoted him as saying "on your non-insured motorist," that "we are ready to settle with you on this other if we can get together." Then when asked if Mr. Pardue was talking about the uninsured motorist provision his reply was, " * * * I was."

The testimony shows deceased, Cofer, had a clear title to his automobile. To us that fact constitutes no probative evidence the automobile was not insured.

Counsel for appellee secured from Mr. Pardue testimony that he had inquired of Cofer's employer and he did not know if the deceased had insurance or not. The type insurance was not mentioned. The court having permitted Mr. Norman to testify to what other insurance companies told him, he then permitted Mr. Pardue to testify he heard Cofer had come from Olton and possibly had insurance. He testified he did not know if Cofer was an uninsured motorist or not. Actually, the testimony does not even show who Cofer's employer was or where he lived, and there is no probative evidence by anyone where Cofer resided and if his room had been searched for an insurance policy.

From his replies to letters written insurance companies Mr. Norman was permitted by the court to testify in his opinion Cofer was an uninsured motorist.

◼ Because of the fact the venue hearing was tried to the court it is not possible

for us to determine which part of the testimony was considered and which part was not. Much of it was clearly hearsay and not admissible to prove the truth of the statements made. It has been textually stated with respect to such testimony: "The rule in truth is this: evidence of a statement made out of court *when such evidence is offered for the proof of proving the truth of such previous statement,* is inadmissible as hearsay." Texas Law of Evidence, McCormick and Ray, Vol. 1, Sec. 781, p. 558, ch. 9.

■ The testimony of Mr. Norman as to statements made by the insurance companies who wrote him would constitute statements of human utterances; i. e., the writers of the letters, offered as the truth of the facts asserted therein without the opportunity of cross-examination, the fact to be proven thereby being that Cofer did not have a policy of public liability insurance. His opinion based on such statements, would, in our opinion, constitute mere conclusions, and however sincere would constitute no probative evidence of the matter sought to be proved.

"Evidence is hearsay when its probative force depends in whole or in part on the competency or credibility of some person other than the person by whom it is sought to be produced. Texas Employers Insurance Ass'n v. Ritchie, Tex.Civ.App., 75 S.W.2d 942; 31 C.J.S., Evidence, § 192.

"Hearsay evidence is in itself wholly incompetent and therefore without probative force. It does not even gain vitality because it is admitted without objection. It will not support a verdict by a jury or a finding of fact by a court. Ward v. National Benevolent Society, Tex.Civ.App., 155 S.W.2d 994; Hargis v. Moxon et ux., Tex.Civ.App., 34 S.W.2d 353; Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197." Winn v. Federal Land Bank of Houston, 164 S.W.2d 864 (Tex.Civ.App. Galveston, 1942, writ ref'd.).

■ Even if it should be said, arguendo, that Mr. Norman's testimony concerning statements made by insurance companies to him were admissible, it still would not, in our opinion, be sufficient to prove by a preponderance of the evidence that Cofer was an uninsured motorist. We may take judicial knowledge that there are many, many insurance companies in Texas other than those contacted who write public liability insurance. Additionally, there is no evidence as to how long Cofer had lived in Texas or any evidence concerning the requirements for public liability insurance required of automobile drivers in Georgia.

■ The fact that no other insurance company contacted appellee also fails to supply the necessary element of proof of non-insurance. Levy v. American Automobile Insurance Co., 31 Ill.App.2d 157, 175 N.E.2d 607 (Ill.First District, Second Div.1961).

Also the admissible evidence of appellant's adjustor, Mr. Pardue, adds nothing to the proof that Cofer carried no public liability insurance on his automobile. His hearsay testimony indicated he did have such insurance, but furnishes no probative value against appellee.

■ We therefore are compelled to the conclusion that appellee failed to discharge the burden of proving a prima facie case that Cofer was an uninsured motorist, though it is obvious there are many avenues yet to explore which might establish such a case.

There is also a very serious question of prima facie proof of negligence and causation, the other requirement to show a cause of action in Hale County. Appellee relies on the testimony of a youngster by the name of Miller. When his testimony is carefully examined and all inferences required are indulged in favor of such testimony, it is difficult to find any help for appellee in such testimony. We do not consider it necessary, however, to pass on

the negligence and proximate cause question because we believe the other phase of the case we have discussed is controlling.

Having held that appellee has failed to meet the burden required to establish a prima facie case on the question of Cofer being an uninsured motorist, we have the authority to require that the case be transferred to Harris County. However, we do not believe the case was fully developed on the proof required to establish Cofer as being an uninsured motorist, the only question we are passing upon here. Under such circumstances we have authority to reverse and remand. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Lanford v. Smith, 128 Tex. 373, 99 S.W. 2d 593 (1936).

Accordingly, the judgment of the trial court is reversed and remanded.