**Eldon D. RHODES, Appellant,**

v.

**Thomas A. PIRKLE, Jr., Appellee.**

No. 11682.

Court of Civil Appeals of Texas.

Austin.

May 28, 1969.

Clemens, Knight, Weiss & Spencer, Gardner S. Kendrick, San Antonio, for appellant.

No appearance for appellee.

PHILLIPS, Chief Justice.

This is an appeal from the trial court's order overruling Defendant-Appellant's plea of privilege.

Appellant is before us on six points of error, the gist of which is the error of the trial court in overruling his plea of privilege because there is either no evidence or insufficient evidence to support a finding that an act or omission of negligence occurred in the county where the suit was filed. That there was no evidence or insufficient evidence that the Appellant was guilty of an act or omission amounting to negligence which proximately caused the Plaintiff-Appellee's injury.

The only ground alleged in Plaintiff-Appellee's controverting affidavit for maintaining venue in Hays County was Tex. Rev.Civ.Stat.Ann., art. 1995, subd. 9a. Appellee-Plaintiff incorporated by reference his original petition wherein various alleged acts of negligence of Appellant-Defendant were set forth.

The only venue facts established in evidence at the hearing on the plea are that a collision occurred at a certain intersection in San Marcos between a Ford and an Oldsmobile where the traffic was controlled by a signal light; and that the Ford was driven by Plaintiff-Appellee. The evidence is wholly insufficient to bring Appellee's case under subdivision 9a of Article 1995.

Consequently, we reverse the action of the trial court overruling the plea of privi-

lege and remand the case to the trial court for further development. Killingsworth v. Bitner, 272 S.W.2d 749 (Tex.Civ.App., Austin, 1954); Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.