**PIONEER CASUALTY COMPANY,**
Petitioner,

v.

**John L. JOHNSON, Respondent.**

**No. B-1664.**

Supreme Court of Texas.

Jan. 21, 1970.

Rehearing Denied March 4, 1970.

Robert L. Strickland, San Antonio, for petitioner.

Brown & Brown, William V. Brown, Jr., Texarkana, for respondent.

STEAKLEY, Justice.

This is a venue case in which jurisdiction of this Court must rest upon conflict as provided in Subdivision 2 of Article 1728. See Articles 1728 and 1831, Vernon's Annotated Texas Civil Statutes; John Farrell Lumber Company v. Wood, 400 S.W.2d 307 (Tex.Sup.1966). The controlling venue exception is Subdivision 23

of Article 1995, and the asserted conflict is with Pan American Fire and Casualty Company v. Loyd, 411 S.W.2d 557 (Tex. Civ.App.—Amarillo 1967, no writ). We have concluded that the requisite conflict does not exist and that the application for writ of error must be dismissed for want of jurisdiction.

John L. Johnson and wife, respondents here and plaintiffs below, were the insureds in an automobile liability policy issued by Pioneer Casualty Company, petitioner here and defendant below. Mrs. Johnson was involved in a collision in Texarkana, Texas, with one Thomas J. Young. The Johnsons sued Young and obtained a default judgment against him in the total sum of $5,803.60. Young subsequently took bankruptcy and the judgment is unsatisfied. Thereafter, the Johnsons filed this suit in Bowie County against Pioneer seeking to invoke the uninsured motorist provisions of the automobile liability policy [1] on the basis of the unsatisfied judgment against Young. Pioneer filed its plea to be sued in Bexar County, the county of its residence, and this was controverted by the Johnsons. The trial court overruled the plea of privilege and this was affirmed by the Court of Civil Appeals, 447 S.W.2d 188, the opinion reading as follows:

"A venue case. Plaintiffs-appellees first sued Thomas J. Young in the District Court of Bowie County, Texas, for damages as the result of a car wreck. Young did not have any liability insurance. Appellees notified the defendant-appellant about the wreck at the time of the filing of the first suit. Appellees recovered a judgment against Young. Young took bankruptcy. Appellees had insurance that provided uninsured motorist coverage. Appellees filed suit against appellant under their insurance policy. Appellant's plea of privilege was overruled. It has perfected its appeal and brings forward fifteen points of error.

"Appellees plead Subdivisions 9a, 23 and 28 of Art. 1995, Vernon's Ann.Rev. Civ.St., as exceptions to the general venue statute. Appellant contends that the trial court erred in overruling its plea of privilege under these exceptions. Appellees proved that Young was an uninsured motorist, that he was involved in an accident with appellees in Bowie County, Texas, and, that appellees suffered damages. They also plead and proved their uninsured motorist insurance coverage and offered in evidence the insurance policy that was issued to them in Bowie County, Texas. The evidence is sufficient to sustain the judgment of the trial court. Pan American Fire & Casualty Co. v. Loyd, CCA, 1967, 411 S.W.2d 557, N.W.H. The points are overruled.

"The judgment of the trial court is affirmed." [2]

1. "COVERAGE J UNINSURED MOTORISTS (DAMAGES FOR BODILY INJURY) To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration. No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."
See Nickum, Uninsured Motorist Protection, 1 Tex.Tech.L.R. 163.

2. Pioneer in its application for writ of error properly states: "As Pan American v. Loyd concerned Subdivision 23, and as the instant case clearly would not be

The suit in Pan American Fire and Casualty Company v. Loyd, supra, seeking to invoke the uninsured motorist endorsement was in the form of an initial direct action against the insurer; the controlling holding was stated as follows:

"We, therefore, are compelled to the conclusion that appellee [the insured] failed to discharge the burden of proving a prima facie case that Cofer [the third party participant in the automobile collision] was an uninsured motorist, * *."

It was also stated in *Loyd*:

"There is also a very serious question of prima facie proof of negligence and causation, the other requirement to show a cause of action in Hale County."

Here, the suit against the insurer is upon the judgment previously obtained by the Johnsons against Young and not, as in *Loyd,* a direct action against the insurer. It could be held as is contended by the Johnsons, that proof of the unsatisfied judgment against Young established prima facie the negligence, causation and damage elements of the requisite venue case against Pioneer. Moreover, no claim is made by Pioneer that the Johnsons did not meet their burden of showing that Young was uninsured. It thus becomes clear that the state of facts in *Loyd* is not the same as here, and that the decision of the Court of Civil Appeals would not operate to overrule the decision in *Loyd* had the cases been decided by the same court. It follows that there is an absence of conflict in rulings necessary to our jurisdiction. See also State v. Wynn, 157 Tex. 200, 301 S. W.2d 76 (1957).

Our order granting the application for writ of error is set aside and the application is dismissed for want of jurisdiction.

Dissenting opinion by SMITH, J., in which GREENHILL and POPE, JJ., join.

SMITH, Justice (dissenting).

I respectfully dissent. The holding in this venue case is in conflict with the holding in the venue case of Pan American Fire and Casualty Company v. Loyd, 411 S.W.2d 557 (Tex.Civ.App.1967, no writ). In both cases, the plaintiff, an insured in an automobile liability policy, was involved in a collision with an alleged uninsured motorist. The insured plaintiff in each case filed suit seeking to invoke the uninsured motorist provisions of the automobile liability policy, which had been issued by his insurer, and, which was in full force and effect at the time of the collision. In each case, the Court of Civil Appeals held that the burden of proof rested with the plaintiff to establish that the defendant was an uninsured motorist within the meaning of the "Uninsured Motorist Insurance" provision of the policy issued by his insurer. On this phase of proof, there appears no conflict upon the face of the opinions. Such conflict appears on the question of the burden of proving negligence on the part of the uninsured motorist. In *Pan American*, the court recognized that the insurer's agreement to "pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * *", involves the concept of negligence. The court held:

"Under the terms of the endorsement * * * this required proof by a preponderance of the admissible testimony, that deceased Cofer was an uninsured motorist, a condition precedent to proof of a cause of action under the terms of such endorsement. *The other requirement, of course, was that appellee must prove by a preponderance of the evidence Cofer was negligent upon the occasion in question and that such negli-*

governed by either Subdivision 9a or 28, then by inference the Court of Civil Appeal's (sic) decision herein was based on Subdivision 23." Section 9a is inapplicable because the suit against Pioneer

is upon the contract of insurance; Section 28 is inapplicable because Pioneer is not the type of company, and the insurance policy sued on is not the type of policy, to which this exception applies.

gence was a proximate cause of the damages sustained by appellee." Emphasis added.

While the court reversed the judgment of the trial court on the ground that the plaintiff failed to discharge his burden of proving that Cofer, the defendant, was an uninsured motorist, nevertheless, the court made it clear that upon another trial it would be necessary for the plaintiff to prove negligence and proximate cause.

Turning now to the opinion of the Court of Civil Appeals in the case at bar, it is clear to me from the language used in the opinion, that the holding is that it was unnecessary for the plaintiffs to prove negligence and proximate cause. In other words, the court has held that plaintiff's only burden was to prove that the defendant was an uninsured motorist. The court held:

> "Appellees [Plaintiffs] proved that Young [Defendant] was an uninsured motorist, that he was involved in an accident with appellees in Bowie County, Texas, and, that appellees suffered damages. They also plead and proved their uninsured motorist insurance coverage and offered in evidence the insurance policy that was issued to them in Bowie County, Texas. The evidence is sufficient to sustain the judgment of the trial court."

The court cited *Pan American* in support of its holding. The test announced by this Court in State v. Wynn, 157 Tex. 200, 301 S.W.2d 76 (1957) does not, in order to show conflict, require a recitation in the opinion that proof of negligence and proximate cause is not necessary. The conflict appears on the face of the opinion just as though the Court in the present case had said that negligence and proximate cause need not be proved. In legal effect, the Court of Civil Appeals in the present case has so held. These conflicting holdings present a conflict in rulings sufficient to give this Court jurisdiction. This Court bases its holding that no conflict exists on pure speculation as to the quantum of proof offered by the plaintiff in the trial

court prior to the entry of the default judgment. In other words, this Court's judgment relieves the plaintiffs of their burden of proving negligence and proximate cause in the plea of privilege hearing, in effect, agreeing with the Court of Civil Appeals. This is the question to be decided, once the Court takes jurisdiction. In my opinion, the Court has jurisdiction to pass upon the issues raised in the plea of privilege and the controverting affidavit.

The controverting affidavit reflects that the plaintiffs relied upon exceptions 9a, 23 and 28, of Article 1995, Vernon's Annotated Civil Statutes to sustain their position that the suit against *Pioneer* was properly brought in Bowie County, Texas. The Court of Civil Appeals fails to specifically state which exception is applicable. The Court here deals with the question as though the Court of Civil Appeals based its judgment solely on exception 23. *Pioneer* has points in its application for writ of error that the holding of the Court of Civil Appeals is in conflict with decisions regarding exceptions 9a and 28. *Pioneer* is entitled to have these points passed upon before judgment is entered denying jurisdiction.

GREENHILL and POPE, JJ., join in this dissent.