**MEMBERS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Gerard P. CLANCY, Appellee.**

No. 14882.

Court of Civil Appeals of Texas, San Antonio.

June 3, 1970.

Rehearing Denied June 17, 1970.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellant.

BARROW, Chief Justice.

A venue action involving Subd. 23, Art. 1995, Vernon's Ann.Civ.St. Appellee, Gerard P. Clancy, brought this suit in Bexar County, Texas, to recover damages under the uninsured motorist coverage of an automobile liability policy allegedly issued him by appellant, Members Mutual Insurance Company. The trial court, after a non-jury hearing, overruled appellant's plea of privilege to move said suit to Dallas County, its place of residence.

Appellant has duly perfected this appeal wherein it asserts that there is no probative evidence that Alfred Manzano, the operator of the vehicle involved in the collision with appellee, was an uninsured motorist and that there is no probative evidence that appellee had a policy of insurance in force with appellant providing uninsured motorist coverage. No brief was filed by appellee.

On June 13, 1969, a vehicle operated by appellee was involved in a collision in the

City of San Antonio with a Rambler automobile and as a result thereof appellee sustained personal injuries. The driver of the Rambler automobile fled the scene on foot and appellee has never had any contact with such driver since the accident. Patrolman Teel of the San Antonio Police Department talked to Alfred Manzano on the following morning. Teel testified that Manzano identified himself as the driver of the Rambler. Teel was also permitted to testify, over appellant's objection that same was hearsay, that Manzano told him that he (Manzano) did not have liability insurance. Appellee was also permitted to testify, over appellant's objection that same was hearsay, that Teel had told him (appellee) that Manzano had no insurance. It is urged on this appeal that such testimony that Manzano was uninsured is hearsay and without probative force. Manzano was joined as a party defendant, however, no service of citation was had upon him and he did not appear or testify.

■ Under Subd. 23, supra, appellee was required to plead and prove that the cause of action or a part thereof arose in Bexar County. Pan American Fire & Casualty Co. v. Loyd, 411 S.W.2d 557 (Tex. Civ.App.—Amarillo 1967, no writ); Associates Investment Co. v. Tyler, 378 S.W.2d 717 (Tex.Civ.App.—San Antonio 1964, no writ); McDonald, Texas Civil Practice, Sec. 4.30.2 (I). Here appellee was required to plead and prove that appellant had issued a policy of liability insurance containing uninsured motorist coverage and that he sustained damages in a collision as the result of the negligence of an uninsured motorist. Pioneer Casualty Co.

v. Johnson, 450 S.W.2d 64 (Tex.Sup. 1970); Pan American Fire & Casualty Co. v. Loyd, supra; Annotation, Insurance—"Uninsured" Motorist, 26 A.L.R.3rd 883, 892.

■ The testimony of Patrolman Teel, as well as that of appellee, regarding Teel's conversation with Manzano was hearsay and inadmissible. The hearsay rule is stated in McCormick and Ray, Texas Law of Evidence, Sec. 781, as follows: "The rule in truth is this: evidence of a statement made out of court when such evidence is offered for the purpose of proving the truth of such previous statement is inadmissible as hearsay." Appellee did not bring such testimony within any exception to the hearsay rule. Appellee thus failed to discharge his burden of showing that Manzano was an uninsured motorist. Pan American Fire & Casualty Co. v. Loyd, supra.

■ It is obvious that the evidence was not fully developed at this hearing and therefore we conclude that the cause should be remanded in the interest of justice. H. E. Butt Grocery Co. v. Neely, 417 S.W.2d 759 (Tex.Civ.App.—San Antonio 1967, no writ). On a retrial the policy of insurance should be introduced into evidence and therefore no question should arise as to whether appellant provided such coverage to appellee.

The judgment of the trial court is reversed and the cause remanded.