LONE STAR GAS COMPANY, Appellant,

v.

G. W. SUTHERLIN et ux., Appellee.

No. 4915.

Court of Civil Appeals of Texas,
Waco.

July 2, 1970.

Rehearing Denied Aug. 13, 1970.

J. C. Jacobs, Corsicana, for appellant.

Edward E. Crowell, Jr., Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivision 9a and 23, Article 1995 Vernon's Ann.Tex. St.

Plaintiffs Sutherlin sued defendant Lone Star Gas, in Navarro County, for damages resulting from the destruction by fire of their home and its contents on February 3, 1967. Plaintiffs alleged defendant was called to their home after plaintiffs smelled gas; that defendant failed to cut off the gas at a time when it knew there was a leak; that such was negligence and a proximate cause of the loss of plaintiffs' house and its contents.

Defendant filed plea of privilege to be sued in Dallas County, the county of its residence. Plaintiffs filed controverting plea asserting venue in Navarro County under subdivisions 9a and 23, Article 1995.

After hearing, the trial court overruled defendant's plea of privilege. Defendant appeals on 6 points asserting the trial court erred in overruling its plea of privilege because:

1) Plaintiff failed to establish a cause of action in Navarro County under Subdivision 9a.

2) Plaintiff failed to establish a cause of action in Navarro County under Subdivision 23.

Subdivision 9a provides that a suit based on negligence may be brought in the county

where the act or omission of negligence occurred; and that the necessary venue facts are: 1) That an act or omission of negligence occurred in the county of suit; 2) that such was the act or omission of defendant, or its agent acting within the scope of employment; 3) that such negligence was a proximate cause of plaintiffs' injuries.

Subdivision 23 provides that suits against corporations may be brought in the county where plaintiff resided at the time of the cause of action or a part thereof arose, provided the corporation has an agency or representation in such county.

■ Plaintiffs reside in Navarro County. Defendant is a Texas Corporation with an agency and representative in Navarro County. On February 7, 1967 plaintiff Sutherlin smelled gas, and told his wife to call defendant Gas Company. Mrs. Sutherlin did, and two men came to the house in a Lone Star Gas truck. Mrs. Sutherlin told them the gas smelled "real strong" near the central heating unit. Mr. Marsh, one of the men from Lone Star Gas testified he found one leak in the connection flange of the heating unit and repaired it; that he found another leak in a burner in the furnace that had gas passing the valve; that he did not repair this leak; that he cut the thermostat down so the furnace would not come on, but did not cut the gas off. Mr. Marsh testified that after turning the thermostat down there would still be a gas seepage. Later that day when plaintiffs were not at home, the house and its contents burned. The area about the central heating unit was more severely burned than any other part of the house.

Plaintiffs established venue in Navarro County under both Subdivisions 9a and 23.

All defendant's points have been considered and are overruled.

Affirmed.