**MEMBERS MUTUAL INSURANCE COMPANY, Appellant,**

**v.**

**Ramon OLGUIN and wife, Consuelo Olguin, Individually and as Next Friend of Frank Olguin, A Minor, and Porfirio Lujan and wife, Luisa Lujan, Appellees.**

**No. 6156.**

Court of Civil Appeals of Texas, El Paso.

Nov. 25, 1970.

**349**

Scott, Hulse, Marshall & Feuille, George W. Finger, Stephen B. Tatem, Jr., El Paso, for appellant.

Paul Andow, El Paso, for appellees.

## OPINION

WARD, Justice.

Appeal by Members Mutual Insurance Company after its plea of privilege to be sued in Dallas County, Texas, was overruled by order of the District Court of El Paso County. Only subdivision 23, Article 1995, Vernon's Ann.Tex.St., is involved. The suit concerns the liability of the appellant for damages under an alleged uninsured motorist coverage of an automobile liability policy supposedly issued to the appellee Ramon Olguin, owner of the vehicle. The judgment of the trial court is reversed and the cause remanded to the district court with instructions.

At the hearing on the plea of privilege, none of the plaintiff-appellees testified, but two depositions were introduced by the appellees, one being from an employee of Members Mutual Insurance Company and one being from an adjuster of an independent agency. The trial court has filed Findings of Fact and Conclusions of Law, the latter being to the effect that the appellees have made out a prima facie case establishing that the alleged motorist was an uninsured motorist; that the uninsured motorist was guilty of negligence; that the negligence was a proximate cause of the appellees' damage, and that the appellant company is a corporation or association within the meaning of Article 1995, subdivision 23, and that the cause of action or a part thereof arose in El Paso County. The appellant offered no proof, no cross-examination of witnesses, and no objection to the testimony.

The appellant has presented to us its comprehensive brief wherein it attacks, on innumerable grounds, the action of the trial court in overruling the plea of privilege. While it is probably evident that some of the proof consists of hearsay statements of no probative force, even though admitted without objection, togeth-

er with admissions made which are not binding on the principal, such as were condemned in the case of State Farm Mutual Automobile Insurance Company v. Matlock, Tex., 462 S.W.2d 277, we are not inclined to examine the points relating to these matters where the appellant failed to cross-examine the witnesses in order to make the defect readily apparent. However, we do not reach these points, as there is an obvious deficiency in the proof by any standard. The primary right, or the "genesis of the right" (McDonald Civil Practice, Vol. 1, p. 518) of the appellees' cause of action is the automobile liability policy with its uninsured motorist provision. The record is bare of any insurance policy, of its terms, if any, and of proof of any policy ever having been in force on the date of the accident. In the attempt to resolve a possible conflict in the cases on the quantum of proof to be offered on a subdivision 23 exception in an uninsured motorist provision, the Supreme Court dismissed the application for writ of error, for want of jurisdiction, in Pioneer Casualty Company v. Johnson, 450 S.W.2d 64 (1970). However, in both cases there considered by the Supreme Court, the courts of civil appeals clearly point out the necessity of proving the uninsured motorist insurance coverage and the existence of the policy at the time of the accident. Pioneer Casualty Company v. Johnson, 447 S.W.2d 188 (Texarkana, Tex.Civ.App.1969); Pan American Fire & Casualty Company v. Loyd, 411 S.W.2d 557 (Tex.Civ.App., Amarillo 1967, no writ). It is fundamental that the appellee must plead and prove that appellant had issued a policy of liability insurance containing uninsured motorist coverage which was in effect at the time of the accident. Members Mutual Insurance Company v. Clancy, 455 S.W.2d 447 (Tex. Civ.App., San Antonio 1970, no writ). Appellees have failed to discharge their burden on this essential element.

■ The appellees contend that the policy was proved because its execution was not denied under oath. Rule 93, Texas Rules of Civil Procedure. The Rule would aid the appellees only in the method of proof. The contract of insurance still had to be introduced into evidence by some means.

■ While obvious that the evidence was not fully developed at the hearing, we refuse to remand for rehearing. The venue hearing was originally set for April 2, 1970, at which time the appellees were not able to offer testimony. The matter was reset for May 8th, prior to which the depositions were taken. No effort is made to explain to us why the matter has not been fully developed, why the appellees failed to testify, or why the uninsured motorist was not called.

Therefore, the judgment of the trial court is reversed and judgment here rendered sustaining such plea of privilege, and the cause is ordered to be transferred to a district court in Dallas County, Texas.