**LOCKE & FONTAINE, INC., et al.,**
**Appellants,**

v.

**Joan BRENNEMAN et vir, Appellees.**

No. 4987.

Court of Civil Appeals of Texas, Waco.

March 18, 1971.

Naman, Howell, Smith & Chase (Louis Muldrow), Waco, for appellants.

Harry Fender, Mexia, Bradley & Geren, Grosbeck, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivision 9a, Article 1995, Vernon's Ann.Tex. Civ.St. Plaintiffs Joan Brenneman and husband sued defendants Miles Locke, and Locke & Fontaine, Inc., in Freestone County, alleging plaintiff the sole surviving heir at law of Joseph W. Wilson; that Wilson was killed in an automobile collision on February 12, 1969 in Freestone County 6 miles east of Mexia on U.S. Highway 84; that defendant Miles Locke an employee of Locke & Fontaine, Inc., operating the automobile of Locke & Fontaine, Inc., within the scope of his employment, drove into the automobile of Wilson; that Locke was guilty of negligence in failing to keep a proper lookout; in failing to apply his brakes in time to avoid collision; in traveling at an excessive rate of speed; and in failing to turn to the left to avoid the collision. Defendants filed pleas of privilege to be sued in McLennan County, the county of their residence. Plaintiff controverted asserting venue in Freestone County by virtue of Section 9a, Article 1995 V.A.T.S. After hearing without a jury the trial court overruled defendants' pleas of privilege.

Defendants appeal contending:

1) There is no evidence defendants committed any negligent act or omission in Freestone County.

2) There is no evidence any act or omission of defendants proximately caused the collision.

The evidence establishes the collision occurred in Freestone County on U.S. Hwy. 84, 5.5 miles west of Teague near the intersection of Farm Road 1336; that Wilson was driving a '53 Chevrolet Coupe; that defendant Locke was driving a '66 Chevrolet sedan belonging to Locke & Fontaine, Inc.; that Wilson was traveling East and Locke was traveling West; the collision occurred on defendants' side of the road; the point of impact was 12 feet north of the center line of Hwy. 84 at a point where the paved shoulder and the main traveled portion of the road join; that the right front of Locke's automobile was in collision with the right front of Wilson's vehicle; that Locke left skid marks approximately 114 feet from the beginning of the marks to the point of impact; that they started on the main traveled portion of the roadway and angled to the right toward the shoulder. Photographs of the automobiles and of the scene of the collision are in evidence.

It is our duty to sustain the trial court's implied findings of negligence and proximate cause if it may reasonably be done. There is nothing in this record except that a collision occurred on defendants' side of the road; that defendant applied his brakes and skidded 114 feet all in his own traffic lane; and that the right front of defendants' car came into contact with the right front of deceased car.

Evidence that an accident or collision occurred is not evidence of negligence or proximate cause. Dawkins v. Reeder, Tex. Civ.App., (NWH), 344 S.W.2d 730; Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199; Wells v. Tex Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660, 662.

The burden was on plaintiffs to prove that an affirmative act of negligence was committed by defendant Locke. The collision occurred on defendant Locke's side of the road, and we think the physical facts of the collision fail to show any negligent act on defendant's part. See Smith v. Roberts, Tex.Civ.App., (NWH) 265 S.W.2d 915; Wells v. Texas Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660, Dawkins v. Reeder, Tex.Civ.App. (NWH), 344 S.W.2d 730.

Defendants points are sustained.

The judgment is reversed and cause ordered transferred to McLennan County.

Reversed and rendered.