**EMPLOYERS CASUALTY COMPANY, Appellant,**

**v.**

**Joe Franklin CLARK et ux., Appellees.**

**No. 5190.**

Court of Civil Appeals of Texas, Waco.

Nov. 22, 1972.

Gardere, Porter & DeHay, Dallas, for appellant.

Hughes & Shelton, Sherman, for appellees.

## OPINION

JAMES, Justice.

This is a venue case the disposition of which turns on subdivision 23 of Article 1995, Vernon's Annotated Texas Civil Statutes. Plaintiff-Appellees Joe Franklin Clark and wife Juanita Clark sued Defendant-Appellant Employers Casualty Company in Grayson County, Texas, seeking recovery under the uninsured motorist provisions of an automobile liability insurance policy issued by Employers to Joe Franklin Clark. The damages sought were for personal injuries allegedly sustained by Plaintiff-Appellee Mrs. Clark in an automobile collision with a car driven by one Ralph Dawson, Jr., and owned by one Ralph Dawson, Sr., the said Dawsons being alleged to be "uninsured motorists" within the meaning of Clark's policy with Employers.

Employers filed a plea of privilege to be sued in Dallas County, Texas, the place of its residence. The Clarks filed a controverting plea to retain venue in Grayson County which asserted subdivision 9a of Article 1995, V.A.T.S., but which controverting affidavit also specifically incorporated Plaintiffs' Original Petition into it.

After hearing on the venue matter, the trial court entered an order overruling Employers' plea of privilege, from which Employers appeals on five points of error. We will discuss Appellant's second and third points only, because we believe the case should be affirmed under subdivision 23 of Article 1995. In its second and third points Appellant asserts that Plaintiff-Appellees failed to plead any exception to exclusive venue in Dallas County under subdivision 23, and that they failed to make proof that they had any cause of action against Appellant, any part of which arose in Grayson County under subdivision 23. We overrule these points and affirm the trial court's judgment.

Subdivision 23 provides that suits against a corporation may be brought in the county where plaintiff resided at the time the cause of action or part thereof arose, provided the corporation has an agency or representative in such county. Lone Star Gas Co. v. Sutherlin (Waco, Tex.Civ.App. 1970) 457 S.W.2d 381 (no writ).

Plaintiffs are residents of Grayson County, Texas, and made proof that they were such at all times material to this suit, and particularly at the time the insurance policy in question was issued by Employers and mailed to Joe Franklin Clark. Likewise the face of the policy in question shows affirmatively that Employers has a "Sherman District Office" located at 400 North Crockett St., Sherman, Texas, in the Grayson County State Bank. We take judicial notice that Sherman, Texas, is in Grayson County, it being the county seat of said county; and there is oral testimony in the record to this effect. Moreover, the premium notice attached to the policy directs Mr. Clark to pay his premiums at the address of this district office. The envelope

attached to the policy addressed to Mr. Clark, postmarked "Sherman, Texas, January 18, 1970," also shows Employers Casualty Co. on the return address, with the above district office address shown thereon. Plaintiffs proved up the insurance policy in question, as same was offered and admitted in evidence, and is a part of the record. Defendant-Appellant admitted in court that the policy was in force and effect at the time of the accident in question; however, Defendant-Appellant denies liability under the policy.

With reference to the accident in question, Plaintiffs' proof amounted to this: On September 19, 1970, at about 10:20 P.M., Mrs. Clark was driving the Clark car west on Houston Street, a one-way street in Sherman, Texas, near its intersection with Grand Avenue; whereupon "Mr. Dawson" was driving an automobile behind the Clark car, and was traveling in the same direction as Mrs. Clark. Dawson had a woman sitting close to him to whom it appeared he was paying attention. Dawson passed Mrs. Clark on her left and then got in her lane ahead of her, and then suddenly and without warning he stopped his car and started backing up toward her, at which time Mrs. Clark's car collided with the Dawson car. (Mrs. Clark sued for car damage, personal injuries, past and future medical expense, diminution of future earning capacity, and Mr. Clark sued for loss of Mrs. Clark's household services.)

Plaintiffs' proof never identifies the driver of the offending vehicle any further than "Mr. Dawson", and fails to prove him an "uninsured motorist."

■ Plaintiffs alleged that "Defendant Employers Casualty Company is now and was at all times mentioned herein a corporation, doing business in Texas, - - -" This was not denied under oath by Defendant. Therefore it was not necessary that Plaintiffs specifically prove that Defendant was a corporation since this fact had not been denied pursuant to Rule 93, Texas Rules of Civil Procedure; Ladner

v. Reliance Corporation (1956) 156 Tex. 158, 293 S.W.2d 758.

Defendant-Appellant contends (in its third point) that the Plaintiff not only had the burden of proving his contract (policy) containing uninsured motorist coverage, but also had the burden of proof to show that the offending driver causing the damage was at the time "uninsured" within the meaning of the policy, citing Pan American Fire and Casualty Co. v. Loyd (Amarillo, Tex.Civ.App.1967) 411 S.W.2d 557 (no writ) and Members Mutual Insurance Co. v. Clancy (San Antonio, Tex.Civ.App.1970) 455 S.W.2d 447 (no writ).

The venue facts of Plaintiffs' burden of proof under the above-mentioned alternative of subdivision 23 is composed of the following elements: (1) the Defendant is a corporation; (2) the Plaintiffs resided in Grayson County (3) at the time the cause of action or part thereof arose; and (4) the Defendant has an agency or representative in Grayson County. As hereinabove pointed out, Plaintiffs have proved elements (1), (2) and (4), and the precise question raised by Appellant's third point calls for the quantum of proof required of Plaintiffs regarding element number (3). Stated another way, the precise question is this: Are Plaintiffs required merely to prove the *making* of the contract (policy), or are they required to go further and prove also that the Defendant *breached* its contract? (Proof of the *breach* would necessarily include the negligence, proximate cause, and uninsured status of the offending driver, as well as Defendant's refusal to pay the damages caused by the offending driver).

■ A cause of action for the breach of an obligation is composed of two elements: (1) The contract, which is the primary right of Plaintiffs, and (2) The breach thereof, which is the act or omission on the part of Defendant without which there could be no cause of action or the right to recovery. Proof of the *making* of the contract *or* proof of the *breach* thereof, (but not both) has been held by our Su-

preme Court to be sufficient proof to satisfy this portion of subdivision 23. Farmers Seed & Gin Co. v. Brooks (1935) 125 Tex. 234, 81 S.W.2d 675, opinion adopted by the Supreme Court; Stone Fort National Bank of Nacogdoches v. Forbess (1936) 126 Tex. 568, 91 S.W.2d 674. Also see Brass Brakes, Inc., v. Brake-O International, Inc., (Waco, Tex.Civ.App.1971) 473 S.W.2d 679 (no writ); Inwood National Bank of Dallas v. First Bank and Trust of Bryan (Waco, Tex.Civ.App.1972) 485 S.W.2d 842; and Pitt Grill, Inc., v. Albert (Dallas, Tex.Civ. App.1968) 432 S.W.2d 160 (no writ).

In the case at bar, the record shows the existence and contents of the contract (policy), and the "making" thereof which is a part of the primary right of Plaintiffs. This was sufficient to satisfy the test enunciated by our Supreme Court in *Farmers Seed* and *Stone Fort*, supra. To the extent that *Pan American* and *Members Mutual*, supra, enlarge Plaintiffs' burden of proof beyond our holding herein, we decline to follow them. Appellant's third point is overruled.

Appellant also cites Pioneer Casualty Company v. Johnson (Sup.Ct.1970) 450 S.W. 2d 64 in support of its third point. We do not believe this case governs the case at bar, because in *Pioneer Casualty* the Supreme Court merely declined to take jurisdiction, holding that the opinion of the Court of Civil Appeals before them did not conflict with another Court of Civil Appeals opinion in Pan American Fire & Casualty Co. v. Loyd, 411 S.W.2d 557 (no writ). In other words, in *Pioneer Casualty* the Supreme Court did not pass upon the problem before us in the case at bar.

Appellant's second point complains that Plaintiff-Appellees failed to plead the necessary venue facts under subdivision 23. As stated above, Plaintiffs' controverting affidavit did not specifically name subdivision 23, but did incorporate Plaintiffs' Original Petition into it. See Pitt Grill, Inc., v. Albert (Dallas, Tex.Civ.App.1968) 432 S.W.2d 160 (no writ). These pleadings

taken together allege the applicable "venue facts" under subdivision 23 which take the case from the general rule of venue. See Cowden v. Cowden (1945) 143 Tex. 446, 186 S.W.2d 69; Compton v. Elliott (1935) 126 Tex. 232, 88 S.W.2d 91, opinion adopted by the Supreme Court. Appellant's second point is overruled.

Since the trial court's judgment is affirmed under subdivision 23, it is not necessary to discuss Appellant's remaining points. Judgment of the trial court is accordingly affirmed.

Affirmed.