**James A. BARNHART, Appellant,**

**v.**

**Edgar RAINEY, Appellee.**

**No. 724.**

Court of Civil Appeals of Texas, Tyler.

Dec. 20, 1973.

Ramey, Brelsford, Flock, Hutchins & Carroll, Jerry L. Calhoon, Mike A. Hatchell, Tyler, for appellant.

Watt & Bateman, Dick Watt, Athens, for appellee.

McKAY, Justice.

The opinion heretofore delivered in this cause is hereby withdrawn and the following is substituted therefor.

This is a venue question in which suit was brought by Edgar Rainey against James A. Barnhart for damages to a pickup truck alleged to have been caused by the negligence of Barnhart. Defendant Barnhart filed his plea of privilege to be sued in Dallas County and plaintiff controverted the plea, relying upon subdivision 9a of Art. 1995, Vernon's Ann.Tex. Civ.St. Parties will be designated as they were in the trial court.

At the first of two evidentiary hearings held by the trial court on January 17, 1973, plaintiff offered in evidence only his original petition, but, thereafter filed a motion to reopen the hearing. The motion was granted and the reopened hearing was held March 7, 1973, and the plea of privilege was overruled by the trial court resulting in this appeal.

At the second hearing plaintiff testified about facts surrounding the collision involved herein, but he could not remember the name of the young man who allegedly was driving the vehicle which had struck

plaintiff's vehicle. He was asked several times for the name, but he could not remember and said "When folks get old their memory is kind of short * * * I can't think of what his name is at this time."

The defendant's first point of error states that it was error to overrule his objection to the admissibility in evidence of plaintiff's petition because it was hearsay. The second point complains that it was error to overrule defendant's plea of privilege because there was no evidence that defendant was guilty of negligence in Henderson County.

■ Plaintiff's brief concedes and stipulates that defendant's points are meritorious because plaintiff failed to prove one essential venue fact, and that the case must be reversed, but plaintiff contends that, in the interest of justice, the cause should be remanded so that the facts may be fully developed. Therefore, the only question for decision is whether we should remand or whether we should order the case transferred to Dallas County.

Defendant relies upon Jackson v. Ewton, 411 S.W.2d 715 (Tex.Sup., 1967), and Members Mutual Ins. Co. v. Olguin, 462 S.W.2d 348 (Tex.Civ.App.—El Paso, 1970, n. w. h.) to support his position that (1) inadequate development of plaintiff's case was not caused by any good and sufficient reasons and (2) a remand would not serve the interest of justice. Defendant contends that failure to prove venue facts was not due to the case being tried upon the wrong theory, nor was it due to some adverse ruling of the trial court or because the plaintiff was misled by the trial court as to the nature of his burden of proof.

Plaintiff contends that the case should be remanded under authority of Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948) and a number of cases which follow and cite it.

Rule 434, Texas Rules of Civil Procedure, provides that when the judgment is reversed, the court shall render such judgment as the court below should have rendered, "except when it is necessary that some matter of fact be ascertained * * *."

It is confessed by plaintiff that "plaintiff has failed to prove one essential venue fact." That fact was that defendant was the person driving the car which struck plaintiff's vehicle, and therefore, defendant has not been connected with any negligence or damage to plaintiff. No doubt plaintiff's counsel expected to prove by plaintiff that defendant was driving the vehicle which struck plaintiff's vehicle, but plaintiff could not remember defendant's name. Apparently, no deposition had been taken and no admission had been requested to identify defendant as the driver since neither were offered and neither appear in the record. When plaintiff's memory failed, no further evidence was offered to identify defendant, nor was any motion for postponement made to secure such evidence. Plaintiff represents in this court that such evidence is available and will be presented if the cause is remanded.

We have concluded that the case should be reversed and ordered transferred to Dallas County. Jackson v. Hall, supra, relied upon by the plaintiff, holds that "where a case has not been fully developed, and where it has been tried on the wrong theory, the judgment of the appellate court should be one of remand and not one of rendition." A number of cases have followed and cited Jackson v. Hall. Among them are Hardy v. McMillar, 492 S.W.2d 381 (Tex.Civ.App.—Waco, 1973, no writ); McMahon v. Forrest, 474 S.W. 2d 815 (Tex.Civ.App.—Waco, 1972, writ dis.); Clift v. Dunn, 477 S.W.2d 641 (Tex.Civ.App.—Waco, 1972, no writ); Rhodes v. Pirkle, 442 S.W.2d 841 (Tex. Civ.App.—Austin, 1969, no writ).

Under the record presented here, we hold that under Rule 434, we should "render such judgment or decree as the court

below should have rendered * * *." The evidence before the trial judge was void as to defendant being involved as the driver of the vehicle in collision with plaintiff; therefore, under such state of the record the trial court should have rendered judgment for defendant granting his plea of privilege. We feel that under this record the clause in Rule 434 "except when it is necessary that some matter of fact be ascertained" does not mean that plaintiff should be afforded a third hearing in the trial court to attempt to show the defendant herein sued was the driver of the vehicle which collided with plaintiff's vehicle.

Members Mutual Ins. Co. v. Olguin, supra, seems to be more in point here than Jackson v. Ewton, supra. Olguin was a venue case in which the insurance company was sued under an alleged uninsured motorist coverage of an automobile liability policy. Only subdivision 23 of Art. 1995, V.A.T.S., was involved and the policy of insurance was not offered in evidence, and therefore, there was no evidence of any policy ever being in force on the date of the accident. The Court of Civil Appeals reversed and remanded with instructions to transfer the case to the county of the residence of the defendant. See Smith v. Roberts, 265 S.W.2d 915 (Tex.Civ.App.—Waco, 1954, no writ); Locke & Fontaine, Inc. v. Brenneman, 466 S.W.2d 93 (Tex. Civ.App.—Waco, 1971, no writ); Wilson v. Ryan, 163 S.W.2d 1087 (Tex.Civ.App.—San Antonio, 1942, no writ); Dawkings v. Reeder, 344 S.W.2d 730 (Tex.Civ.App.—Waco, 1961, no writ).

It is apparent the authorities are not in agreement when a case such as this should be remanded. In hindsight, it is obvious that plaintiff should have had other proof available, such as depositions, admissions, interrogatories or other witnesses, which could be used to prove the identity of the defendant. Plaintiff did not suggest to the trial court that other evidence was required or available. A third hearing would afford plaintiff another "bite at the apple" which we believe he is not entitled to have.

The right of a defendant to be sued in the county of his residence is a valuable right and he may not be deprived of such right unless the litigation against him clearly comes within one of the exceptions to the venue statute. Reynolds & Huff v. White, 378 S.W.2d 923 (Tex.Civ.App.—Tyler, 1964, no writ). Under subsection 9a of Art. 1995, V.A.T.S., it was incumbent upon plaintiff to show "that such act or omission was that of the defendant," and unless plaintiff clearly discharges his burden of proof, the defendant is entitled to a transfer of the case. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ.App.—Tyler, 1965, no writ).

The judgment of the trial court is reversed and the case is ordered transferred to a County Court at Law of Dallas County.