**REGAL PETROLEUM CORPORATION, Appellant,**

v.

**M. C. McCLUNG, Appellee.**

No. 20587.

Court of Civil Appeals of Texas, Dallas.

Oct. 20, 1980.

---

Robert K. Roach, Gibson, Darden & Hotchkiss, Wichita Falls, for appellant.

Darrell Jordan, Crutcher, Hull, Ramsey & Jordan, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

This is an appeal from an order overruling a plea of privilege. McClung sued Regal Petroleum Corporation, a resident of Wichita County, in Dallas County for wrongfully withholding sums allegedly due under an operating agreement. Defendant filed its plea of privilege, and plaintiff filed his controverting plea asserting that venue of the suit was proper in Dallas County under Tex.Rev.Civ.Stat.Ann. art. 1995 § 23 (Vernon 1964). After a hearing, the trial court overruled defendant's plea of privilege. We reverse and remand.

The pertinent provision of article 1995 § 23 states: "Suits against a private corporation ... may be brought ... in the county in which the cause of action or part thereof arose; ...." Section 23 was the only section of article 1995 relied upon to place venue in Dallas County. The parties stipulated that plaintiff is a private corporation, and it was undisputed that the operating agreement under which defendant

has allegedly wrongfully withheld payment was entered into in Dallas County. Thus, if plaintiff pleaded and proved a cause of action, that cause of action arose, at least partly, in Dallas County. *Lone Star Gas Company v. Coastal States Gas Producing Company*, 388 S.W.2d 251, 253 (Tex.Civ. App.–Corpus Christi 1965, no writ). Defendant does not challenge the sufficiency of plaintiff's pleading to raise a cause of action, but argues that the proof of that cause of action was insufficient. We agree.

In a plea of privilege hearing the plaintiff must prove every element of the cause of action he relies upon to sustain venue. *Southwest Minerals, Inc. v. McConnell*, 583 S.W.2d 657, 659 (Tex.Civ.App.– Austin 1979, writ ref'd n.r.e.). Though the plaintiff must prove the *fact* of damage, it is not necessary for him to prove the *amount* of damage. *Gulf Oil Corporation v. Martindale*, 381 S.W.2d 141, 142 (Tex.Civ. App.–Beaumont 1964, no writ). In this case, plaintiff was entitled to receive payment for the amount of production less certain specified expenses. To show wrongful withholding by defendant, it was necessary for plaintiff to prove that he was entitled to some payment.

Counsel for plaintiff asked plaintiff at the hearing whether he was entitled to payment of the sums claimed. Defense counsel objected to the question as calling for a conclusion of law, and the trial court properly sustained the objection. Generally, a non–expert witness may not testify as to his opinion, and this is particularly true when the opinion called for is a conclusion of law. *Carr v. Radkey*, 393 S.W.2d 806, 813 (Tex.1965). The trial judge allowed plaintiff to state what his claim was, and plaintiff stated: "I claim that I was entitled to the [payments], they were entitled to some expenses, but that gets into the expense portion of this. You want me to get into that now?" Plaintiff's counsel responded: "No ...." No evidence of expenses was subsequently introduced, though it was apparently available.

The only other evidence presented to prove that plaintiff was entitled to payment was that he had been receiving payments for the previous four years under the operating agreement and that the operating agreement was still in effect. From this evidence, plaintiff argues, the trial court correctly inferred that production had continued and that expenses had continued to be less than the gross profit from production, and thus plaintiff continued to be entitled to payment of the excess. We do not agree. Although the fact finder is allowed to consider inferences based on direct evidence, it is not allowed to consider an inference upon an inference. *Texas Sling Company v. Emanuel*, 431 S.W.2d 538, 541 (Tex. 1968). Assuming that the trial court could reasonably infer that because the operating agreement was still in effect, production under the agreement continued, it could not infer, based on that inference, that expenses were low enough to result in a net excess entitling plaintiff to payment. In the absence of evidence relating to expenses, plaintiff did not prove he was entitled to any payment under the operating agreement and thus did not prove his cause of action. Accordingly, we reverse the order of the trial court overruling defendant's plea of privilege.

Having reversed the trial court, we are faced with the question of whether to render judgment or remand the case for further development. Defendant argues that remanding the case "would merely afford [plaintiff] an opportunity for another 'bite at the apple.' " *Jackson v. Ewton*, 411 S.W.2d 715, 719 (Tex.1967). However true this may be, plaintiff presents us with a case squarely on point with the present case requiring us to remand. *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458 (1948). *Jackson v. Hall* concerned an appeal from an order overruling two pleas of privilege based upon section 23 of article 1995. The court of civil appeals reversed the order of the trial court because the evidence was insufficient to sustain venue under section 23, and rendered judgment transferring the cause. By petition for writ of mandamus to compel the justices of the court of civil

appeals to certify certain questions of law to the supreme court, plaintiffs argued that the court of civil appeals erred in rendering judgment rather than remanding the case for further proceedings. The supreme court agreed and held that "where a case has not been fully developed, and where it has been tried on the wrong theory, the judgment of the appellate court should be one of remand and not one of rendition." The present case is not a case such as *Barnhart v. Rainey*, 503 S.W.2d 342 (Tex. Civ.App.–Tyler 1973, no writ) in which the additional proof required was not shown to be available. In this case the record demonstrates that at least some evidence of expenses was available, but counsel for plaintiff elected not to introduce it, as, in *Jackson v. Hall*, the plaintiff failed to introduce necessary proof of his own residence under subdivision 23 of article 1995. Since the case has not been fully developed, we are duty–bound as an intermediate appellate court to follow the rule as laid down by the supreme court in *Jackson v. Hall* and remand the case for further proceedings.

Reversed and remanded.