AMERICAN INDEMNITY COMPANY V. W. B. MARTIN ET AL.

No. 6410. Decided July 10, 1935.
Rehearing overruled October 16, 1935.
(84 S. W., 2d Series, 697.)

*Seay, Seay, Malone & Lipscomb,* of Dallas, for plaintiff in error.

A policy of insurance against loss by reason of legal liability does not create primary liability on the part of the in-surer to a third party who is a stranger to the contract, and it was improper for such stranger to join the insurer in a suit against the assured for the latter's negligence. The plea of misjoinder should have been sustained. Engler v. Hatton (Com. App.), 12 S. W. (2d) 990; Hanson v. Haymann, 280 S. W., 869; Texas Landscape Co. v. Longoria, 30 S. W. (2d) 423.

*Dallas C. Biggers* and *Roy W. McDonald,* both of Dallas, for defendant in error.

An indemnity insurance policy, such as the one issued in

this case, was a liability policy and the injured party had a right to sue the assured and to join in such suit an action against the insurance company upon its policy. American Auto. Ins. Co. v. Cone, 257 S. W., 961; American Fid. & Cas. Co. v. Williams, 34 S. W. (2d) 396; Bank of Garvin v. Freeman, 107 Texas, 523, 181 S. W., 187.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court W. B. Martin recovered judgment for $7,000.00 against his brother, A. D. Martin, and American Indemnity Company for damages claimed to have been sustained by him in an automobile accident. A. D. Martin was the owner of the automobile and the alleged negligent driver thereof was his wife, Mrs. Vera Martin. The Indemnity Company had issued a policy of insurance to A. D. Martin covering the automobile, and judgment ran against it on the theory that the policy was issued for the benefit of the injured party, who had the right to recover thereon in his suit to establish the liability of the assured. The Indemnity Company timely interposed a plea of misjoinder, both of parties and of causes of action, which plea was overruled and judgment rendered on the merits, as above indicated. The Court of Civil Appeals sustained the ruling of the trial court on the plea of misjoinder, but reversed the judgment as between W. B. Martin and the Indemnity Company upon other grounds not necessary here to mention. The judgment in favor of W. B. Martin against his brother, A. D. Martin, was left undisturbed. 54 S. W. (2d) 542.

Among other pertinent provisions of the policy was the following:

"No action shall lie against the Company to recover for any loss under this policy until the amount of the damages for which the assured is liable is determined, either by final judgment against the Assured or by agreement between the Assured and the Plaintiff with the written consent of the Company * * *."

■ It was error to overrule the plea of misjoinder. This court has foreclosed that question and it would be profitless to launch anew into a discussion thereof. Kuntz v. Spence (Com. App.), 67 S. W. (2d) 254; Moxon v. Ray, 125 Texas, 24, 81 S. W. (2d) 488. In this connection see also Grasso v. Cannon Ball Motor Freight Lines, 125 Texas, 154, 81 S. W. (2d) 482.

■ The principal question for decision relates to the character

of judgment which should be entered. As above noted, the Court of Civil Appeals left undisturbed the judgment in favor of W. B. Martin against A. D. Martin. The reason assigned for so doing was that the latter did not appeal. It is argued by defendant in error that appellate courts have no jurisdiction to disturb judgments between non-appealing parties. This court has not heretofore so narrowly limited its powers. It is a sound proposition that appellate courts do not possess general revisory powers over trial courts. But they do possess and regularly exercise the power to make effective their rulings in sustaining assignments of error. When an assignment of error is sustained and the appellant or plaintiff in error can be given the full measure of relief to which he is entitled in no other way than by a reversal of the judgment between non-appealing parties, then such reversal will be ordered. Hamilton v. Prescott, 73 Texas, 565, 11 S. W., 548; Thompson v. Kelley, 100 Texas, 536, 101 S. W., 1074; Reeves & Lester v. McCracken, 103 Texas, 416, 128 S. W., 895; Farmers' Natl Bank v. Dublin Nat. Bank, 55 S. W. (2d) 567. It is not thought that the above statement is sufficiently comprehensive to cover all situations in which judgments between non-appealing parties will be disturbed by appellate courts, but it is deemed broad enough to cover the case now before us for decision.

■ Applying the above rule to the instant case, it is obvious that the full measure of relief to which the Indemnity Company is entitled as a result of the action of this court in sustaining its assignment complaining of its improper joinder in the suit can be afforded it in no other way than by reversing the judgment against A. D. Martin. The plaintiff in the trial court may have been awarded damages against his brother substantially greater in amount than would have been awarded him had the jury not been advised of the existence of the insurance policy. The Indemnity Company has a direct and vital interest in the amount of that award. In a suit by W. B. Martin against it to recover the full amount of his judgment against his brother, the Indemnity Company could not interpose the defense that that judgment is excessive. It has the right, and should be afforded the opportunity, to conduct the defense of the assured in a real law suit, unprejudiced by knowledge on the part of the jury that the defendant is protected by insurance. If it is denied that right, then its appeal, though in form successful, is, in reality, ineffective. This court is not lacking in jurisdiction to make its decrees effective.

■ Plaintiff in error assigns that judgment should be here rendered that defendant in error take nothing by his suit, (1) because of the alleged breach by A. D. Martin of what is commonly known as the "co-operation clause" of the policy contract, and, (2), because the injured party, W. B. Martin, was a member of the household or family of the assured, A. D. Martin, so as to bring him within a certain exception clause of the policy. We have ruled that W. B. Martin's right, if any he will ever have, to sue on the policy has not ripened, and that no judgment could be rendered for him thereon. It follows that neither could judgment be rendered against him thereon. There is no suit pending on the policy in which a judgment on the merits could be rendered in favor of or against either party. These defenses may be urged if and when a suit is brought on the policy after a judgment is rendered against the assured.

The Court of Civil Appeals reversed the judgment of the trial court in part. We reverse it in its entirety. The judgment of the Court of Civil Appeals is reversed in part and the cause in its entirety remanded to the trial court.

Opinion adopted by Supreme Court July 10, 1935.

Rehearing overruled October 16, 1935.