**NATIONAL SURETY CORPORATION,**
Appellant,

v.

**STANDARD CONCRETE PIPE SALES**
**COMPANY, Appellee.**

No. 14056.

Court of Civil Appeals of Texas.

Houston.

Jan. 10, 1963.

On Rehearing March 14, 1963.

**104**

Russell Talbott, St. John Garwood, Jr., Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellant.

Carlton Wilde, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment in favor of a materialman, and against a general contractor and the surety on a payment bond executed in compliance with Art. 5160, R.C.S. Included in the judgment was an order severing appellee's claim for attorney's fee under Art. 2226, R.C.S.

Appellant specifically excepted to the action of the trial court in granting the severance, and on this appeal presents a point

that this action of the trial court was error requiring a reversal of the case.

Rule 174, Texas Rules of Civil Procedure, authorizing separate trials of claims or issues, and Rule 41 dealing with severance, were considered by the Supreme Court of Texas in Kansas University Endowment Ass'n v. King, Tex., 350 S.W.2d 11, and Justice Walker speaking for the court stated: " * * * Severance is proper, however, only where the suit involves two or more separate and distinct causes of action. Each of the causes into which the action is severed must be such that the same might properly be tried and determined if it were the only claim in controversy. * * *"

In Huff v. Fidelity Union Life Insurance Company, 158 Tex. 433, 312 S.W.2d 493, the court held:

"While the attorney's fees are not part of the demand or claim, but are in the nature of a penalty, or punishment for failure to pay a just debt (Davenport v. Harry Payne Motors, Inc., Tex.Civ.App.1953, 256 S.W.2d 245, no writ history), and are not ordinarily recoverable in a tort or contract action (Cleveland State Bank v. Lilley, Tex.Civ.App.1924, 260 S.W. 324 (2), no writ history), they may be recovered by compliance with the statutory provisions of Article 2226. That a suit for the statutory attorney's fees as a separate action could not be maintained is evident from the wording of the statute. Since the right to recover is dependent upon the recovery of a judgment on a claim, * * *."

The trial court erred in ordering the claim for attorney's fees severed from the suit on account since the claimant must prevail in the suit on account before a recovery of attorney's fees is authorized by Art. 2226, R.C.S. A suit for statutory attorney's fees as a separate action cannot be maintained. Huff v. Fidelity Union Life

Insurance Company, 158 Tex. 433, 312 S.W. 2d 493.

■ The error of the court in granting severance was prejudicial in that it made what otherwise would have been an interlocutory summary judgment final. Appellant filed controverting affidavits raising an issue of fact on the question of the reasonableness of the attorney's fees demanded. He was entitled to rely on this as being sufficient to defeat the motion for summary judgment. The judgment entered, from which appeal has been prosecuted, did not properly dispose of the issues presented to the trial court.

■ Appellee has requested leave to file a supplemental transcript containing the motion for dismissal, and order dismissing, the severed claim for attorney's fees. These instruments do not constitute part of the record of the case under consideration. Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S.W. 946; Paschall v. Renshaw, Tex.Civ.App., 142 S.W.2d 717; Whitmarsh v. Buckley, Tex.Civ.App., 324 S.W.2d 298. Leave to file the supplemental transcript must be denied.

Appellant also contends that the trial court erred in rendering judgment against it as surety on its payment bond because the affidavits filed to support the motion for summary judgment failed to show that the notice given appellant, National Surety Corporation, complied with the requirements of Art. 5160, R.C.S. The cause of action against National Surety Corporation is based on a payment bond executed by the Corporation as surety for a general contractor on public work. This bond is required of general contractors for public work by Art. 5160, supra. This act provides:

"B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and

who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit; provided:

"(a) Notices Required for Unpaid Bills, other than notices solely for Retainages as hereinafter described.

"Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. Such statement of account shall include therein the amount of any retainage or retainages applicable to the account that have not become due by virtue of terms of the contract between the claimant and the prime contractor or between the claimant and a subcontractor. When the claim is based on a written agreement, the claimant shall have the option to enclose, with the sworn statement of account, as such notice a true copy of such agreement and advising completion or value of partial completion of same.

"(1) When no written contract or written agreement exists between the

claimant and the prime contractor or between the claimant and a subcontractor, except as provided in subparagraph B(a) (2) hereof, such notices shall state the name of the party for whom the labor was done or performed or to whom the material was delivered, and the approximate dates of performance and delivery, and describing the labor or materials or both in such a manner so as to reasonably identify the said labor or materials or both and amount due therefor. The claimant shall generally itemize his claim and shall accompany same with true copies of documents, invoices or orders sufficient to reasonably identify the labor performed or material delivered for which claim is being made. Such documents and copies thereof shall have thereon a reasonable identification or description of the job and destination of delivery.

"(2) When the claim is for multiple items of labor or material or both to be paid for on a lump sum basis such notice shall state the name of the party for whom the labor was done or performed or to whom the material was delivered, the amount of the contract and whether written or oral, the amount claimed and the approximate date or dates of performance or delivery or both and describing the labor or materials or both in such a manner so as to reasonably identify the said labor or materials.

"(3) When a claimant who is a subcontractor or materialman to the prime contractor or to a subcontractor has a written unit price agreement, completed or partially completed, such notices shall be sufficient if such claimant shall attach to his sworn statement of account a list of units and unit prices as fixed by said contract and a statement of such units completed and of such units partially completed."

A sworn account, which has not been attacked as insufficient or denied by a sworn

pleading, and a certified copy of the bond, were attached to appellee's original petition. The affidavit of Howard L. Terry was attached to the motion for summary judgment. In this affidavit Terry stated:

"On November 7, 1960, Standard Concrete Pipe Sales Company gave the Defendants written notice that claim was being made upon them for payment for materials delivered by Standard Concrete Pipe Sales Company to the jobsite during the months of July, August and September, 1960, in the total sum of Thirty-One Thousand Five Hundred Fifty-Nine and 82/100 ($31,-559.82) Dollars."

Appellant contends that proof that a written notice was given is not sufficient to establish that such notice complied with the requirements of Art. 5160, R.C.S., and that such proof was necessary to establish that there is no fact issue in this case. If it would have been necessary for the plaintiff in the trial court to prove the contents of the written notice given appellant in order to show himself entitled to an instructed verdict, the trial court erred in granting this summary judgment. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492. The burden rests with the movant to show that there is no disputed fact issue. Box v. Bates, Tex.S.Ct., 346 S.W.2d 317.

We cannot say that the only reasonable inference to be drawn from the undisputed fact that a written notice was given to appellant by appellee is that all of the facts and instruments required by the provisions of Art. 5160, R.C.S., were contained in such notice. Bliss v. City of Ft. Worth, Tex.Civ.App., 288 S.W.2d 558, writ ref., n. r. e. Since the requisite facts showing that a legally sufficient notice of claim was given appellant was not presented to the trial court by affidavits, depositions, admissions or otherwise, appellant was not under any burden to contravene the allegations in the motion for summary judgment.

Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492.

The judgment of the Trial Court is reversed and the cause is remanded to the Trial Court with instructions that the severed causes be reconsolidated.

### On Motion for Rehearing

 Appellee has filed a motion for rehearing in which it points out that in our opinion we stated that *appellant* filed affidavits controverting the reasonableness of attorney's fees demanded, whereas the affidavits in fact were filed by persons who are not parties to this appeal. All affidavits forming part of the record before the trial court must be considered in determining whether or not an issue of fact is raised requiring adjudication.

We have held that the action of the trial court in ordering severance was error, and have ordered the causes re-consolidated. While appellee may have taken a voluntary non-suit as to that part of its cause of action which was severed, this does not defeat the power of this Court to make effective its rulings. All proceedings which may have been had in the severed cause of action concerning attorney's fees are ineffective, and the parties may be required by the trial court to file amended pleadings. After such pleadings are filed, the case will proceed in the normal fashion. American Indemnity Co. v. Martin, 126 Tex. 73, 84 S.W.2d 697.

On reconsideration we have determined that the judgment recovered by Standard Concrete Pipe Sales Company against McElwrath Bros., Inc. and Geo. Kennedy & Son, who did not appeal, should be affirmed. We do not see that the rights of National Surety Corporation will be prejudiced by this action. The judgment rendered in favor of National Surety Corporation on its cross-action for indemnity is reversed since there is now no judgment against National Surety Corporation for the payment of which it could be indemnified. The cause of action for indemnity including the right to indemnity for any attorney's fee it may be adjudged to pay, is preserved to National Surety Corporation just as if the erroneous judgment had never been entered.

Appellee's motion for rehearing is granted in part and in part overruled.