**PIONEER CASUALTY COMPANY,**
Appellant,

v.

Lester MILLER et al., Appellees.

No. 6815.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 3, 1966.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellant.

Joe H. Tonahill, Joe Bob Golden, Jasper, for appellees.

PARKER, Justice.

The opinion and judgment rendered in this cause on the 6th day of January, 1966, are withdrawn. This opinion will be substituted for the original. Judgment is rendered as hereinafter set forth.

This is a venue case. The appeal is from an order of the district court of Jasper County, Texas, overruling the plea of privilege of Pioneer Casualty Company, appellant, seeking to transfer the case to Bexar County, Texas, the county of its residence. Hearing was had December 11, 1964, with the order being rendered and entered July 26, 1965. Appellees, Lester Miller and wife, Modell Miller, individually and as next friend of their minor child, Martha

Nell Miller, controverted the plea of privilege of Pioneer Casualty Company relying upon exceptions 9 and 9a (1), (2) and (3) to Article 1995, Vernon's Ann.R.C.S.T., and also §§ 23, 27, 28 and 29a of Article 1995. No findings of fact or conclusions of law were requested by either party. However, in the order overruling Pioneer Casualty Company's plea of privilege it is recited "The Court finds and decrees that the allegations contained in the plaintiff's controverting plea to the plea of privilege of said defendant is supported by a preponderance of the evidence and all things and material allegations contained herein are true and correct."

Appellees instituted this suit as a common law damage suit seeking to recover damages as a result of an automobile being driven by Freddie Lee Adams allegedly in a careless and negligent manner, causing same to collide with a motor vehicle being operated in a careful, lawful manner by Lester Miller with his wife, Modell Miller, and daughter, Martha Nell Miller, riding therein. Appellees alleged as a result thereof they suffered personal injuries and damages to their motor vehicle. The collision occurred in Jasper County, Texas. Appellees further alleged that the automobile of Adams was insured against bodily injury liability by the Pioneer Casualty Company, appellant herein, under its policy No. 323099 from October 29, 1962 to October 29, 1963, which was issued November 6, 1962.

Appellees proved that Pioneer Casualty Company issued a policy to Freddie Lee Adams as the insured. This policy was an indemnity policy providing:

"Coverage L—Personal Liability to pay on behalf of the insured all sums which the insured shall be legally obligated to pay as damages because of bodily injury or property damage * * *" etc.

Such policy also contains what is commonly termed a "no action" clause providing that no action would lie against the company (Pioneer) unless, as a condition precedent thereto, the amount of the insured's obligation to pay should have been finally determined either by judgment against the insured, etc., or by written agreement by the insured, claimant and the company.

■ There being no judgment nor any such agreement fixing the insured's obligation to pay appellees, no cause of action existed against Pioneer Casualty Company at the time of the institution of the suit. It was not primarily liable. Therefore, appellant's plea of privilege should be sustained. American Fidelity & Casualty Company v. McClendon, 125 Tex. 41, 81 S.W.2d 493; Kuntz v. Spence (Tex.Comm. App.) 67 S.W.2d 254; American Indemnity Company v. Martin (Tex.Comm.App.) 84 S.W.2d 697.

■ Appellees urge that the appeal by Pioneer Casualty Company has become a moot issue in view of a judgment of the trial court of 19th of November, 1965, contained in a supplemental transcript. This judgment was set aside. This appeal is not moot.

Appellant's points of error urging the above matters are each and all sustained.

The judgment of the trial court is reversed and it is ordered that the cause of action asserted by appellees as against appellant be transferred to a district court of Bexar County, Texas.

Appellees' motion for rehearing is overruled.