LIBERTY MUTUAL INSURANCE
COMPANY, Appellant,

v.

Dave D. WEEDEN, for himself and as Next
Friend of Dave R. Weeden, Appellee.

No. 6076.

Court of Civil Appeals of Texas,
El Paso.

June 24, 1970.

Rehearing Denied July 29, 1970.

Kemp, Smith, White, Duncan & Hammond, Jack Ratliff, El Paso, for appellant.

Sam J. Dwyer, Jr., and Mauro Rosas, El Paso, for appellee.

OPINION

PRESLAR, Justice.

This is a suit brought by appellee Weeden against appellant Liberty Mutual Insurance Company to collect the amount of a default judgment held by Weeden against one Abner Clowdis. Weeden seeks to recover under provisions of the City Code of El Paso which provides that renters of driverless automobiles must maintain a policy of insurance for the benefit of anyone injured by drivers of the rented automobiles. Clowdis was such a driver of a car rented from Budget Rent-A-Car of El Paso, Inc., and Liberty Mutual Insurance Company provided them a policy of insurance. Weeden did not sue Budget Rent-a-Car, but proceeded directly against its insurer, Liberty Mutual, to collect his prior judgment against the driver. Trial was to the court without a jury and, after eliminating from the default judgment an item of punitive damages, a judgment was rendered against Liberty Mutual for the remainder thereof in the amount of $36,-240.00. We are of the opinion that plaintiff-appellee failed to prove a right of recovery in that no policy of insurance was a part of the proof, and therefore the judgment must be reversed.

Appellee contends that he can recover under the provisions of the City Code and that his cause of action is not under the policy of insurance. We are of the opinion that the Code provides a source from which he may recover, to-wit, the policy, and any recovery must be from such source. Specifically, we uphold appellant Liberty Mutual's Point of Error No. 7:

"The trial court erred in holding that Appellee Weeden's judgment against Clowdis is enforceable against Appellant Liberty Mutual because there is no evidence of any insurance policy provision which would provide coverage to Abner Clowdis."

In his original petition appellee sought recovery on the policy, but, when appellant

answered and set up defenses in the policy, appellee amended and went to trial on pleadings seeking recovery without reliance on the policy. On the trial of the case it was established by oral testimony that appellant had issued a policy of insurance to Budget Rent-A-Car, but when it was offered in evidence, appellee objected on numerous grounds, and its tender into evidence was withdrawn. Several paragraphs relating to defensive matters were then separated from the remainder of the policy and placed in evidence. Appellee continues to insist that his is a suit under the City Code and that he has proved all facts necessary to recovery, without a policy.

The Code of the City of El Paso, under "Article III. Driverless Automobiles", sets out certain definitions, provides that a license is required, prescribes a method of application therefor and a fee, and then provides:

"Sec. 22–107. Same—Public liability insurance.

"(a) No license shall be issued hereunder unless the licensee shall have filed with the city license collector a policy of insurance as hereinafter set forth, which policy shall be kept on file while it remains in force and for two years thereafter. If such policy shall not be kept in full force the license shall thereupon automatically become void.

"(b) Such policy shall be issued by an insurance company duly authorized to do business in the state and shall be subject to the approval of the city attorney as to form and of the license collector as to sufficiency. Such policy shall provide in substance that the insurer will pay any final judgment of a court of competent jurisdiction against the licensee, or against any person driving the automobile, for damages or injury resulting from the negligent operation or unsafe condition of the automobile. The maximum amount recoverable under such policy shall be not less than one hundred thousand dollars for death of or injury to

any person in any one accident, three hundred thousand dollars for death of or injury to two or more persons in any one accident, and twenty thousand dollars for property damage. Such policy shall inure to the benefit of any person in whose favor such judgment may be rendered, but may contain a provision that suit against the insurer may not be brought until the licensee or the driver has failed to pay the final judgment of a court of competent jurisdiction against him.

"(c) The policy shall contain a provision that it may not be cancelled, revoked or annulled by the insurer without giving ten days' written notice thereof to the city license collector. The licensee shall not surrender or release such policy without filing in lieu thereof another policy complying with the requirements of this section, or surrendering his license.

"(d) If the city license collector shall determine that such policy has become impaired so as to fail to afford the protection to the public contemplated by this section, he shall require new or additional insurance by giving written notice to the licensee, who shall within five days after receiving such notice, provide such new or additional insurance."

Then follow two additional paragraphs of no application here.

We have set these provisions forth verbatim, so that it can be readily seen that the Code provides no recovery in and of its own provisions, but rather that it requires the procuring of a liability insurance policy as a condition precedent to the issuance of a license, and thereafter its continuation in force, to keep the license valid. It is liability insurance made compulsory by ordinance. The protection afforded the public is a policy of insurance. One who seeks to recover under it must bring himself within the terms of such protection as it provides. To meet that burden, appellee would first need to establish what those terms were, then show that he

was covered by them. With no policy in evidence, appellant's point of error is good—" * * * there is no evidence of any insurance policy provision which would provide coverage to Abner Clowdis.

The judgment of the trial court is reversed, and judgment is here rendered that appellee take nothing.