DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS and Guadalupe Vargas, Appellants,

v.

Leonore D. MARTINEZ and Husband, Francisco Martinez, Individually and on Behalf of Ricardo Martinez, a minor, Appellees.

No. 6224.

Court of Civil Appeals of Texas, El Paso.

Aug. 2, 1972.

Rehearing Denied Sept. 20, 1972.

**786**

Dudley, Highsmith & Skipworth, William C. Dudley, Robert A. Skipworth, El Paso, for appellants.

Malcolm McGregor, Philip T. Cole, El Paso, for appellees.

## OPINION

PRESLAR, Justice.

Our former opinion is withdrawn and the following substituted therefor. This was a suit involving an uninsured motorist. Plaintiffs-Appellees, Leonore Martinez and husband, Francisco Martinez, brought suit individually and on behalf of their son, Ricardo Martinez, against Defendant-Appellant, Dairyland County Mutual Insurance Company of Texas. Dairyland filed a motion urging the absence of necessary parties, and Plaintiffs-Appellees amended to make Guadalupe Vargas a party defendant, and Appellant, Dairyland, sought judgment over against him for any judgment which might be rendered against it. Based upon jury findings, judgment was entered for Appellees against Dairyland and Vargas jointly, and the judgment is silent as to Dairyland's claim against Vargas. Only Dairyland has perfected an appeal to this Court and will be referred to as Appellant. We reverse the judgment as to Dairyland and affirm the judgment as to Vargas.

The accident in question occurred on September 15, 1968, when a dump truck driven by Mr. Vargas collided with an automobile driven by Mrs. Martinez in which her son, Ricardo, was a passenger. Plaintiffs alleged coverage under the uninsured motorist provision of a policy issued to the Martinez family by Appellant. The jury awarded damages in the amounts of $5,000.00 to the minor, Ricardo Martinez, and $10,000.00 to Leonore Martinez.

Appellant contends by three points of error that the trial Court erred in admitting into evidence a policy of insurance which was not the best evidence, that there was insufficient evidence that uninsured motorist coverage existed in the contract upon which Plaintiffs based their claim, and that there was insufficient evi-

dence that the uninsured motorist in this case fell within the terms of the policy governing this claim. It is undisputed that the policy sued upon was never introduced into evidence. We hold that the evidence offered by Plaintiffs was insufficient to sustain the judgment.

Mr. Vargas testified that there was no liability insurance on the dump truck; "that the insurance had lapsed;" and that he ran a red light striking the Martinez vehicle. Mr. Ralph Lowenfield, an insurance agent with Belk-Schuster Agencies in El Paso, testified that the Martinez family had an account with such agency; that they had automobile insurance with Appellant on September 15, 1968; and that "our records would indicate that it did," pertaining to the inclusion of uninsured motorist coverage. Plaintiffs then offered a sample policy by Fireman's Fund into evidence after Mr. Lowenfield testified that "to my knowledge" the provisions in such would be identical with the provisions of the policy provided in this case. Before introduction of the Fireman's Fund policy, Appellant's counsel objected, stating:

"Your Honor, I am going to object because that is not the policy itself, and for the reason, I object to it because they should have the policy itself."

Such objection was overruled. Mr. Lowenfield further testified that his records showed that the Martinez policy originated on January 25, 1967, and that there was no uninsured motorist provision in it; that his earlier statement as to such coverage was based on the claim report filed with him and not from the policy; that the sample policy was a standard Texas policy; and that his records did not reflect any payment for uninsured motorist coverage by Martinez. Mr. Martinez testified in response to questioning about the existence of the Dairyland Mutual policy that:

"Q Before the accident. All right. Now, you have alleged and the agent testified that—in fact, we have been trying this lawsuit under the assumption that you had a policy of insurance with Dairyland County Mutual Insurance Company, do you have that policy or did you have the policy at the time of this accident?

A I don't recall.

Q You don't recall?

A No, sir.

Q Whether you had the policy at that time?

A No, sir.

Q You don't remember. Did the company ever issue a policy of insurance?

A They did.

Q They did. Do you know what became of the policy?

A I don't, no.

Q You don't know what became of it?

A I don't—I think it is at home, maybe.

Q You think it is at home now. When this accident occurred and after it occurred, did you ever at any time look at your automobile policy?

A Yes, I did.

Q You looked at the policy?

A I did.

Q Did you go over the insurance policy with anyone as to what insurance coverage you might have, things of that type?

A No, sir, I did not.

Q You did not. Did you ever look at —you brought this lawsuit here under the section they call uninsured motorist coverage. Now, I realize most people don't look at their poli-

cies and read the policies or anything of that type, so my question is: I mean you brought the lawsuit here under that particular coverage, did you ever discuss that particular coverage that you brought the lawsuit under with anybody, any insurance agent, adjustor, attorney, friend of just anyone?

A No."

Appellees as plaintiffs plead a specific policy and a specific provision thereof as the basis of their cause of action, alleging:

". . . that prior to the 15th day of September, 1968, they had purchased a policy of insurance from the Defendant, DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, said policy being numbered 41-107094 and said policy being in full force and effect upon the date of the accident heretofore described."

"Plaintiffs would show the Court that said policy of insurance described above had a 'uninsured motorist' provision which obligated the Defendant to pay all sums which the Plaintiffs shall be legally entitled to recover as damages . . ."

Appellant-Defendant placed these matters in issue by the general denial portion of its answer.

■ In Members Mutual Insurance Company v. Olguin, 462 S.W.2d 348 (Tex.Civ. App.1970, n. w. h.), this Court stated:

"it is fundamental that the appellee must plead and prove that appellant had issued a policy of liability insurance containing uninsured motorist coverage which was in effect at the time of the accident." (Citing: Members Mutual Insurance Company v. Clancy, 455 S.W. 2d 447 (Tex.Civ.App., CCA 1970, n. w. h.)

It is elementary contract law that one seeking to recover under a contract must recover under its terms if at all. As this Court said in Liberty Mutual Insurance Company v. Weeden, 457 S.W.2d 129 (Tex. Civ.App., 1970, n. r. e.):

"One who seeks to recover under it must bring himself within the terms of such protection as it provides. To meet that burden, appellee would first need to establish what those terms were, then show that he was covered by them. With no policy in evidence, appellant's point of error is good—'* * * there is no evidence of any insurance policy provision which would provide coverage to Abner Clowdis.'"

See, also, Aetna Insurance Company v. Klein et al., 160 Tex. 61, 325 S.W.2d 376 (1959), where the policy of insurance was not introduced into evidence, and the Supreme Court rejected the plaintiff's proof of the terms of the policy by secondary evidence. Offered as proof of a provision of the policy was the proof of loss filed by the plaintiff, as was done here. It was held that while the proof of loss was admissible to prove compliance with the policy, the recitations contained therein were not competent evidence of the terms of the insurance policy.

In the absence of the policy sued on, it is apparent from the evidence that Plaintiffs-Appellees did not meet their burden in this case. The evidence is simply not sufficient to establish that a policy was in force providing uninsured motorist coverage to Martinez on the date of the accident. The trial Court erred in not granting a new trial for that reason.

■ We were originally of the opinion that the judgment should be reversed in its entirety, but on further consideration, we have concluded not to reverse the judgment against Guadalupe Vargas. Vargas gave notice of appeal, but did not file a motion for new trial nor did he file a brief in this Court. Ordinarily, appellate courts have no jurisdiction to disturb

judgments between nonappealing parties, but they do possess, and regularly exercise, the power to make effective their rulings in sustaining assignments of error. American Indemnity Co. v. Martin, 126 Tex. 73, 84 S.W.2d 697 (1935). Where an assignment of error is sustained, and the successful party can be given full and effective relief in no other way than by reversal of the judgment between nonappealing parties, such reversal will be ordered. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948); American Indemnity Co. v. Martin, (supra). The rule applies to instances where the respective rights of the appealing and nonappealing parties are so interwoven or dependent on each other that reversal as to the appellant requires reversal of the case in toto. Curtis v. Carey, 393 S.W.2d 185 (Tex.Civ.App., CCA 1965, n. w. h.); Lockhart v. A. W. Snyder & Co., 139 Tex. 411, 163 S.W.2d 385 (1942).

We have concluded that it is not necessary to reverse the judgment as to the nonappealing defendant, Vargas, in order to give full and effective relief to the Appellant, Dairyland County Mutual Insurance Company of Texas. Appellees, as Plaintiffs, sued both Vargas and the Insurance Co.; to recover against Vargas they had to establish his fault; their recovery against the Insurer was based on the contract, and the basic elements of their case were to establish (1) the fault of Vargas, (2) that he was uninsured, and (3) that Dairyland had insured plaintiffs against such contingencies. We upheld Dairyland's point of error as to element "(3)", and we conclude that is the relief to which it is entitled for another trial. As to the other elements, it has had its day in Court.

The judgment of the trial Court is affirmed as to Guadalupe Vargas, and it is reversed and remanded as to Dairyland County Mutual Insurance Company of Texas.