706

R. P. ALLEN, Appellant,

v.

The MANHATTAN FIRE AND MARINE
INSURANCE COMPANY, Appellee.

No. 6405.

Court of Civil Appeals of Texas,
El Paso.

Feb. 12, 1975.

Rehearing Denied March 12, 1975.

Warren Burnett Associated, Richard J.
Clarkson, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & Mc-
Collum, Inc., Ray C. Stoker, Jr., Odessa,
for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit on an insurance policy in
which the Appellant sued his insurance
carrier, the Appellee, on the grounds that
the destruction of his tank truck was
caused by an "explosion" within the terms
of the insurance policy. Trial was to the
Court without a jury and a take-nothing
judgment was entered, the Court finding
that the occurrence made the basis of the
suit was not an explosion within the meaning of the policy written by the defendant.
We affirm.

At the outset, the parties are in disagreement as to the nature of the judgment entered by the trial Court. Appellant takes
the position that it is a summary judgment,
while the Appellee contends that it is not a
summary judgment but instead is a judgment based on stipulated facts. It is not
possible to tell from the record before us

whether this was a summary judgment or a judgment after trial on the merits. The case had been on the docket for a long time, and a summary judgment had been filed by the defendant-insurance company in 1967 to which the Appellant replied. Both parties attached affidavits to their summary judgment pleadings, but concede that nothing in the affidavits has any bearing on the question that was decided by the trial Court. The case was heard and determined on March 20, 1974, and some two weeks prior to that, the parties entered into a stipulation and filed it of record. Conceivably, the case could be an agreed case under the provisions of Rule 263, Texas Rules of Civil Procedure. The stipulation and record was not in literal compliance with that Rule, but it could be held to be within substantial compliance as in Cobb v. Harrington, 144 Tex. 360, 190 S. W.2d 709 (1945). The sole question for determination, in any event, is whether the occurrence made the basis of the suit was an explosion within the meaning of the policy. If this is a case tried on its merits it is obvious that there is nothing in the record to overcome the finding by the trial Court that the occurrence was not an explosion, and if it is a summary judgment the question presented is whether there is a fact question as to the occurrence being an explosion. We have treated the matter as though it were a summary judgment and conclude that there is no fact question.

The occurrence in question made the basis of the suit is the collapse inward of the metal tank on Appellant's truck which is used for transporting liquids. There was no fire, and if there was any noise connected with the collapse no one heard it. Appellant seeks to recover under Coverage F of the policy, which provides, in part:

"To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by windstorm, hail, earthquake, explosion, riot or civil commotion, * * *."

It should be noted that there is a comprehensive provision under which Appellant's loss could have been covered, but he selected and paid premiums for coverage under Coverage F, and he can recover only if his loss was caused by explosion. Appellant contends that the term "explosion" is in itself ambiguous and that a fact finder could find that his tank truck was destroyed by an explosion. The parties entered into a stipulation, as follows:

"I.

"The parties hereto agree that the occurrence made the basis of this suit was an 'implosion' which did not result from the breaking forth of a confined substance and which was not caused by the ignition of combustible gases.

"II.

"The parties hereto agree that the term 'implosion' means an internal collapse followed immediately by an outward rush of air and further that an implosion is not caused by an ignition of combustible gases or the breaking forth of a confined substance.

"III.

"The parties hereto stipulate that at all times pertinent to this cause the defendant did not write a policy of insurance which provided coverage for property damage resulting from implosion as a separate and distinct occurrence or peril."

It is elementary contract law that one seeking to recover under a contract must recover under its terms if at all. As this Court said in Liberty Mutual Insurance Company v. Weeden, 457 S.W.2d 129 (Tex.Civ.App.—1970, writ ref'd n. r. e.):

" * * * One who seeks to recover under it must bring himself within the terms of such protection as it provides. * * *."

In the case before us, the peril insured against was "explosion" and Appellant's burden initially was to prove that the loss occurrence was an explosion. Assuming this was a summary judgment proceeding, the Appellee-insurer became entitled to judgment when Appellant stipulated that his loss was from an occurrence not within the policy terms, that is, an "implosion," and that no coverage is written for an implosion as a separate occurrence or peril. Appellant has furnished us with definitions of "implosion" and asks us to find that implosion can come within the meaning of "explosion." We are unable to use these definitions because the parties have stipulated what "implosion" means. We are bound by that stipulated definition, which is, that it is not as a result of the breaking forth of a confined substance and not as a result of the ignition of combustible gases; and, stripped of what it is not, the stipulated meaning of "implosion" is "an internal collapse followed immediately by an outward rush of air." The question is, then, does this stipulated definition describe an occurrence which the trier of facts could find to be an explosion?

We do not think that a trier of facts could find that the above definition could be considered an explosion as that term is construed in its popular sense and is understood by ordinary men. In Crombie & Co. v. Employers' Fire Ins. Co. of Boston, Mass., 250 S.W.2d 472 (Tex.Civ. App.—1952, writ ref'd n. r. e.), this Court held that the evidence was sufficient to sustain a jury finding that the occurrence in that case was an explosion. In that case we said:

"Our courts seem to have never had the occasion to undertake to define 'explosion'. Indeed, it is stated generally it does not admit of a definite definition, having no fixed and definite meaning in ordinary speech or in law, but is said to be a general term unlimited in its application, 35 C.J.S. 215 '* * * an explo- sion is an idea of degrees, and the true meaning of the word in each particular case must be settled, not by any fixed standard, or accurate measurement, but by the common experience and notions of men in matters of that sort. The term is to be construed in its popular sense, and as understood by ordinary men, and not by scientific men', * * *."

In that last statement we were in accord with an early U. S. Supreme Court case of Mitchell v. Potomac Insurance Company of Georgetown, D.C., 183 U.S. 42, 22 S.Ct. 22, 46 L.Ed. 74, in which it was stated that "explosion" as used in a fire insurance policy means explosion in its ordinary popular sense and not what some scientific man would define to be an explosion. While the Courts have not attempted the formulation of an all inclusive and fixed definition of the term "explosion," our research leads us to agree with the statement made by the Court in the case of American Casualty Company of Reading, Pennsylvania v. Myrick, 304 F.2d 179 (5th Cir. 1962):

"* * * However, the occurrences which the cases speak of as explosions possess a common characteristic. In each instance, a confined substance suddenly and with varying degrees of violence breaks from its confinement as a result of an internal pressure. * * * The common understanding of the term 'explosion' includes the notion of a bursting caused by an internal force or pressure. * * *.

"* * * Although the cases admit that 'explosion' is a term insusceptible of fixed definition, they make it clear that in order for an occurrence to constitute an explosion there must be a sudden breaking forth of a confined substance as a result of an internal force. * * *."

In our case, the stipulation is that the occurrence did not result from the breaking forth of a confined substance. Our stipu-

lation, also, is that "implosion" means an internal collapse. In Louisville Underwriters v. Durland, 123 Ind. 544, 24 N.E. 221, 7 L.R.A. 399 (1890), the Supreme Court of Indiana reviewed definitions of "collapse" and "explosion" and arrived at the conclusion that the words "explosion" and "collapse" have almost an opposite meaning. Another portion of the agreed meaning of "implosion" is that the collapse is followed immediately by an outward rush of air. This sequence of the collapse first and then the outward rush of air does not comport with the ordinary meaning of explosion. As noted by the Court in Commercial Union Fire Ins. Co. of New York v. Bank of Georgia, 197 F.2d 455 (5th Cir. 1952):

"An explosion is a rapid, sudden, and violent expansion of air or relinquishment of energy, causing a rupture and accompanied by a loud noise, not necessarily extremely loud. * * * the explosion is the cause while the rupture is the effect. 1 Bouvier's Law Dictionary, Rawle's Third Revision, page 1161 citing United Life, Fire & Marine Ins. Co. v. Foote, 22 Ohio St. 340, 348; Evans v. Columbian Ins. Co., 44 N.Y. 146, 150. * * * ."

Here, it is stipulated that the rupture occurred first, then there was an outward rushing of air. We are committed to the rule that the true meaning of explosion in each particular case must be settled not by any fixed standard or accurate measurement but by the common experience and notions of men in matters of that sort, and further that the term in an insurance policy is to be construed in its popular sense, and as understood by ordinary men, and not by scientific men. Adhering to the rules above stated, we are convinced that the definition submitted to us by the parties leaves no fact question but that the occurrence was not an explosion within the meaning of the policy.

The judgment of the trial Court is affirmed.