# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

- - - - - - - - - - - - - -
## NO. 03-01-00042-CV
- - - - - - - - - - - - - -


**Dalisa, Inc. and Enchanted Rock Pictures, L.P./ Lawren E. Bradford; Charles E. Pratt, III; Martha Claire Tompkins; John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas Heard; Judith Jacks Lide; James H. W. Jacks; Jennifer Jacks Henley; Liza Billups Lewis; LeAnn Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca Billups Mannix; and Marcella Billups Symington, Appellants**

**v.**

**Lawren E. Bradford, Charles E. Pratt, III; Martha Claire Tompkins; John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas Heard; Judith Jacks Lide; James H. W. Jacks; Jennifer Jacks Henley; Liza Billups Lewis; LeAnn Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca Billups Mannix; and Marcella Billups Symington/ Dalisa, Inc. and Enchanted Rock Pictures, L.P., Appellees**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. GN002569, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


Dalisa, Inc., and Enchanted Rock Pictures, L.P. (ADalisa@ collectively) appeal from a

summary judgment recovered against them by sixteen landowners (ABradford@ collectively).[1] Bradford

---

[1] The landowners are Lawren E. Bradford; Charles E. Pratt, III; Martha Claire Tompkins; John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas Heard; Judith Jacks Lide; James H. W. Jacks; Jennifer Jacks Henley; Liza Billups Lewis; LeAnn Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca Billups Mannix; and

appeals from a related trial-court order denying his motion to cancel a lis pendens notice recorded by Dalisa. We will sustain Dalisa=s motion that we dismiss the appeals for want of an appealable final order.

## THE CONTROVERSY

Under the Uniform Declaratory Judgments Act, Bradford sued Dalisa for the following declaratory relief: (1) Dalisa possessed no interest in Bradford=s tract of land; (2) no contract pertaining to the land existed between Dalisa and Bradford; and (3) Dalisa was not entitled to record against the tract a lis pendens notice. *See* Tex. Civ. Prac. & Rem. Code Ann. '' 37.001-.011 (West 1997) (the AAct@ hereafter). Bradford also claimed a right to attorney=s fees under section 37.009 of the Act.

Dalisa included in its answer the following counterclaims: an action for specific performance of an alleged contract or contracts wherein Bradford agreed to sell the land to Dalisa; actions for money damages based upon allegations of fraudulent or negligent misrepresentation made by Bradford in the course of negotiations aimed at selling the land to Dalisa; a statutory cause of action for declaratory relief establishing in Dalisa an equitable title or other interest in the land; and a claim for imposition of a constructive trust against the land securing large sums allegedly spent by Dalisa in reliance upon misrepresentations made by Bradford in the course of negotiations.

Bradford moved for partial summary judgment. After hearing, the trial judge signed a AFinal Judgment@ awarding Bradford the following declaratory relief: (1) Dalisa has no contract for the purchase of

---

Marcella Billups Symington.

2

Bradford=s land; (2) Dalisa owns no beneficial interest in the land; and (3) Dalisa possesses no other interest in the land sufficient to support the filing of a lis pendens notice or otherwise to cloud Bradford=s title.

Immediately after signing the AFinal Judgment,@ the trial judge severed from the cause Bradford=s claim for declaratory relief under the Act, leaving for an independent adjudication Bradford=s claim for attorney=s fees under section 37.009 of the Act and Dalisa=s counterclaims. The trial court denied, however, Bradford=s motion to cancel the lis pendens notice recorded by Dalisa.

Dalisa appealed to this Court from the order granting Bradford=s motion for summary judgment. Bradford appealed from the denial of his motion to cancel the lis pendens notice. We consolidated the two appeals.

Dalisa contends the trial court abused its discretion by severing Bradford=s statutory cause of action under the Act; and, as a result, there is no valid severance order upon which our appellate jurisdiction depends.

### SEVERANCE ORDERS UNDER RULE 41, TEXAS RULES OF CIVIL PROCEDURE

Rule 41 of the Texas Rules of Civil Procedure states that A[a]ny claim against a party may be severed and proceeded with separately.@ Tex. R. Civ. P. 41. The effect of a severance is to divide a lawsuit into two or more independent suits that will be adjudicated by distinct and separate judgments. *See Van Dyke v. Boswell, O-Toole, David & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985). AThe controlling reasons for a severance are to do justice, avoid prejudice[,] and further convenience.@ *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

In their administration of Rule 41, trial courts have broad authority and their decisions to grant or deny a severance will not be reversed on appeal absent an abuse of discretion. *Liberty Nat=l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The discretion vested in trial courts is not, however, without limits. Theirs is Aa sound and legal discretion within limits created by the circumstances of the particular case.@ *Womack v. Berry*, 291 S.W.2d 677, 683 (Tex. 1956). Such discretion may not be exercised contrary to legal rules and principles applicable in the particular case. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Del Valle Indep. Sch. Dist. v. Lopez*, 863 S.W.2d 507, 513 (Tex. App.CAustin 1993, writ denied).

Compliance with Rule 41, providing for the severance of A[a]ny claim,@ requires the following: (1) a controversy involving more than one cause of action; (2) a severed claim that is the proper subject of a lawsuit if asserted independently of the other claims; and (3) a severed claim that is not so interwoven with the remaining actions as to involve the same facts and issues. *See State Dept. of Highways &Public Transp. v. Cotner*, 845 S.W.2d 218, 219 (Tex. 1993). Rule 41 is also governed by this venerable rule: A[s]everance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court=s determination of one phase of the case.@ *Pierce v. Reynolds*, 329 S.W.2d 76, 79 n.1 (Tex. 1959); *see also Pustejovski v. Rapid-American Corp.*, 35 S.W.3d 643,647 (Tex. 2000) (AThe reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice.@).

**BRADFORD=S CLAIM FOR ATTORNEY=S FEES UNDER THE ACT**

The trial-court severance necessarily implies a conclusion by that court that Bradford=s claim for declaratory relief under section 37.003 of the Act and his claim for attorney=s fees under section 37.009 can be adjudged in independent lawsuits culminating in separate and distinct judgments. Dalisa contends the two claims are instead merely different phases of a single cause of action. We concur with Dalisa.

Section 37.009 is headed ACosts@ and states as follows: A*In* any *proceeding* under this chapter, the court may award costs and reasonable attorney=s fees as are equitable and just.@ Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (emphasis added). AThat a suit for the statutory attorney=s fees as a separate action could not be maintained is evident from the wording of the statute. . . . The attorney=s fees, while not costs, partake of the nature of the costs of suit and are assessed *in accordance with the judgment*@ reached in the proceeding. *Huff v. Fidelity Life Ins. Co.*, 312 S.W.2d 493, 501 (Tex. 1958) (emphasis added). While the opinion in *Huff* referred to the statutory predecessor of the attorney=s-fee provisions now found in section 38.001 of the Texas Civil Practice and Remedies Code, the reasoning applies all the more, in our view, to section 37.009 of the Act which prescribes a single Aproceeding@ and measures the fees awarded by the equities and justice revealed in that particular proceeding.[2]

---

[2] Attorney=s fees incurred in defending a separate lawsuit cannot be recovered under section 37.009 of the Act, notwithstanding that the separate lawsuit concerned the same issues as those in the declaratory judgment suit. *See National Union Fire Ins. Co. v. Care Flight Air Ambulance Service, Inc.*, 18 F.3d 323, 330 (5th Cir. 1994).

Bradford urges six appellate decisions in support of his position that a claim for attorney=s fees under section 37.009 may be maintained in an independent proceeding and made the subject of a separate and distinct judgment. Four of the decisions involve different statutory authorizations for the recovery of attorney=s fees.[3] A fifth decision does involve a proceeding under the Act.[4] In each of the five cases, however, the claim for attorney=s fees was severed by the *appellate* court and remanded for a new trial. An appellate-court severance of this character is authorized by Rules 43.2(d), 43.3(a), (b), and 43.6 of the Texas Rules of Appellate Procedure, and not by Rule 41 of the Texas Rules of Civil Procedure. *See* Tex. R. App. P. 43.2(d), 43.3(a), (b), 43.6. Severance of a part of a claim for remand to the trial court invokes different considerations.[5] Bradford=s sixth case is in point. The case is *Grain Dealers Mutual Insurance Co. v. McKee*, 911 S.W.2d 775 (Tex. App.CSan Antonio 1995). Therein, the appellate court concluded, without citation of authority or supporting rationale, that a claim for attorney=s fees under section 37.009 could proceed to a hearing and judgment independently of a claim for declaratory relief under the Act. We disagree for the reasons stated above. In any event, the claim for attorney=s fees vanished from

---

[3] *Great Am. Res. Ins. Co. v. Britton*, 406 S.W.2d 901, 907 (Tex. 1966); *ASAI v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118, 124 (Tex. App.CEl Paso 1996, no writ); *Industrial Disposal Supply Co. v. Perryman Bros. Trash Serv.*, 664 S.W.2d 756, 761 (Tex. App.CSan Antonio 1983, writ ref=d n.r.e.); *Leal v. Leal*, 628 S.W.2d 168, 171 (Tex. App.CSan Antonio 1982, no writ).

[4] *International Ass=n of Fire Fighters Loc. 624 v. San Antonio*, 822 S.W.2d 122, 132 (Tex. App.CSan Antonio 1991, writ denied).

[5] *See, e.g.*, *Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex. 1992); *Otis Elevator Co. v. Bedre*, 776 S.W.2d 152, 153 (Tex. 1989); *Lakewood Pipe of Tex., Inc. v. Conveying Techniques, Inc.*, 814 S.W.2d 553, 557 (Tex. App.CHouston [1st Dist.] 1991, no writ); *Butt v. Gonzalez*, 646 S.W.2d 584, 585 (Tex. App.CSan Antonio 1983, no writ).

the *McKee* case when the supreme court reversed the court of appeal=s judgment and rendered its own contrary Atake nothing@ judgment on the merits of the plaintiff=s claim for declaratory relief. *See Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455 (Tex. 1997).

We hold the trial court abused its discretion when it severed Bradford=s claim for declaratory relief from his claim for attorney=s fees under the Act.[6]

---

[6] If we understand correctly the dissenting opinion, it concedes the correctness of our holding, *under existing authorities*, regarding the trial-court severance of Bradford=s claim for statutory attorney=s fees. The dissenting opinion contends for an opposite holding, however, because Athe trial bench and bar@ have become Acomfortable@ with a contrary, if incorrect, practice that Aappellate courts have largely ignored.@ If it indeed exists, such a practice is untenable. Suppose, for example, that we must reverse a plaintiff=s money judgment and render judgment that he take nothing on the merits of his claim against the defendant. Then, in a separate appeal from an independent judgment awarding the plaintiff attorney=s fees, we find we must affirm that judgment because no reversible error is shown in the record of that severed proceeding. This would be intolerable, the opposite of a rational system for the administration of justice.

## DALISA=S COUNTERCLAIMS

As indicated above, the discretion lodged in trial courts by Rule 41 may not be exercised in a manner that is contrary to legal rules and principles applicable in the particular case. One such rule forbids the severance of a claim that is interwoven with the remaining actions to an extent that they involve the same facts and issues. We believe that rule was violated here.

Bradford requests negative declaratory relief exclusively: that Dalisa possesses no interest in the Bradford tract, that no contract exists between the parties by reason of negotiations and writings exchanged between them, and that Dalisa in consequence has no right to record a lis pendens notice against the tract. Dalisa=s requested declaratory relief is exactly contrapositive: that Dalisa does possess a legal or equitable interest in the Bradford tract by reason of a contract resulting from negotiations between the parties and writings exchanged between them. Ancillary to its request for declaratory relief, Dalisa requested specific performance of the alleged contract or, alternatively, money damages for fraudulent or negligent misrepresentations allegedly made by Bradford in the course of their negotiations. It is difficult to conceive how these opposing actions do *not* involve the same facts and issues. We conclude from the face of the parties= pleadings that they do.

We therefore hold the trial court abused its discretion when it severed Bradford=s claim for declaratory relief from Dalisa=s counterclaims because both are interwoven to an extent that they involve the same facts and issues. *See, e.g.*, *Rucker and Tracom, Int=l v. Bank One Texas, N.A.*, 36 S.W.3d 649, 651-52 (Tex. App.CWaco 2000, pet. denied); *Fuentes v. McFadden*, 825 S.W.2d 772, 779 (Tex.

**8**

App.C Waco 1992, no writ); *Mathis v. De La Garza & Assocs., P.C.*, 778 S.W.2d 105, 106 (Tex. App.C San Antonio 1989, no writ).[7]

## DISPOSITION OF THE APPEALS

To be appealable, Bradford=s summary judgment must dispose of all parties and all issues before the trial court. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex. 1993). Such a judgment may result, in cases like the present, from a valid severance order. The summary judgment awarding Bradford declaratory relief does not satisfy this requirement because the severance order is the result of an abuse of discretion. The invalid severance is prejudicial because it converted into a final judgment a judgment that is interlocutory. *See National Sur. Corp. v. Standard Concrete Pipe Sales Co.*, 366 S.W.2d 103, 105 (Tex. Civ. App.C Houston [1st Dist.] 1963, no writ).

We vacate the trial-court severance order for the abuse of discretion found above. For want of an appealable judgment, we dismiss Dalisa=s appeal from the summary judgment recovered by Bradford. Bradford=s appeal from the trial-court order denying his motion to cancel the lis pendens notice

---

[7] Similar instances of counterclaims interwoven with the plaintiff=s claim so as to involve the same facts and issues are found in the following illustrative cases: *Jinkins v. Bryan*, 763 S.W.2d 539 (Tex. App.C Amarillo 1998, pet. denied); *Bentley Village, Ltd. v. Nasits Bldg. Co.*, 736 S.W.2d 919 (Tex. App.C Tyler 1987, no writ); *McWilliams v. Gilbert*, 715 S.W.2d 761 (Tex. App.C Houston [1st Dist.] 1986, no writ); and, *Bohart v. First Nat=l Bank*, 536 S.W.2d 234 (Tex. Civ. App.C Eastland 1976, writ ref=d n.r.e.).

9

depends upon the merits and validity of his claim for declaratory relief. No final judgment has been rendered sustaining his claim in that regard. His appeal is therefore premature.

We dismiss the consolidated appeal for want of jurisdiction.

John E. Powers, Justice

Before Justices Yeakel, Patterson and Powers[*]: Opinion by Justice Powers;
  Dissenting Opinion by Justice Yeakel

Dismissed for Want of Jurisdiction

Filed:   June 21, 2002

Publish

---

[*]   Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).